FERGUSON & WHEELER, Appellants, v. DAVIDSON, Executrix, et al.

Division One, February 15, 1899.

1. **Practice:** WHEN CAUSE MUST BE SUBMITTED TO JURY. Whether or not testimony is of sufficient weight to establish the facts it tends to prove, is a question for the jury and not for the court.

2. ———: EVIDENCE: COMPROMISE. Testimony tending to show that defendants' testator offered to transfer to plaintiffs certain mortgage paper in payment of their claim sued on and that plaintiffs refused it, was not testimony tending to prove an offer of compromise, and was not for that reason incompetent.

3. ———: ACCOUNT BOOK: EXPLAINED BY ORAL EVIDENCE. Whether or not a written account, agreed to as a settlement between the parties, covers and includes the matters in dispute in the suit, when that can not be determined from the account itself, may be shown by oral testimony. But the opinion of the witness, or the result of an examination of the account, is not evidence of such fact.

4. **Account:** ASSIGNMENT: NOTICE TO DEBTOR. A debtor, who has notice of the written assignment by his creditor of his account against him to the plaintiff, can not afterwards plead payment to the original creditor.

5. **Practice:** REPLY: WAIVER. Where a cause has been tried as if a reply has been filed to defendant's answer, it is too late to take advantage of the absence of the reply at the close of the trial.

*Appeal from Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

GEO. L. EDWARDS for appellants.

(1)   By the assignments the plaintiffs acquired title to the debts assigned, subject to any defense the debtor might have against the assignor "at the time of his being notified of the assignment." If prior thereto, the debtor had paid the assignor, it was an affirmative matter of defense.   R. S. 1889, secs. 2390 and 8161; Rice v. McFarland, 34 Mo. App. 404;

Ferguson & Wheeler v. Davidson.

Bartlett v. Eddy, 49 Mo. App. 32; Murdock v. Finney, 21 Mo. 139; Ins. Co. v. Cohen, 9 Mo. 442.   (2) If there was any substantial evidence tending to establish the allegations of the petition, the court had no authority to withdraw the case from the jury.   Cook v. Railroad, 63 Mo. 397; Richey v. Barnes, 83 Mo. 362; Kelly v. Railroad, 70 Mo. 604; Stewart v. Sparkman, 69 Mo. App. 456; Hite v. Railroad, 130 Mo. 140; Bender v. Railroad, 137 Mo. 240.   (3) Payment as an affirmative defense to be pleaded and established by defendant.   R. S. 1889, sec. 8161; Hyde v. Hazel, 43 Mo. App. 668; Smith v. Reinbaugh, 21 Mo. App. 390; Wilkerson v. Farnham, 82 Mo. 627; State ex rel. v. Williams, 48 Mo. 210; Northrup v. Ins. Co., 47 Mo. 435; Musser v. Adler, 86 Mo. 445; Kersey v. Garton, 77 Mo. 645; Hudson v. Railroad, 101 Mo. 13.

HENRY N. PHILLIPS and C. L. KEATON for respondents.

(1) Plaintiff had no petition authorizing any evidence in this case, because the petition does not state a cause of action, in this: no account or any item of account due Caldwell is filed or alluded to in the petition, as required by section 2075, Revised Statutes 1889.   The petition does not state anywhere that any amount whatever was due plaintiffs from I. M. Davidson, and plaintiffs can not supply this want of the statement of a cause of action by any proof or evidence whatever.   Field v. Railroad, 76 Mo. 616.   (2) Defendants plead payment in full, which is new matter pleaded, as the plaintiffs' brief shows, and this is not denied by plaintiffs by replication, and is thus admitted by the pleadings, and plaintiffs can not controvert what they have thus admitted, and the defendants were entitled to the judgment which the court gave them on the trial.   R. S. 1889, sec. 2053; Moore v. Sauborin, 42 Mo. 490.

VALLIANT, J.—This suit was begun by plaintiffs against Isaac M. Davidson, deceased, in his lifetime, and he

having died while it was pending, it was revived and prosecuted against his personal representatives, Mary J. Davidson, executrix, and Ira M. Davidson, executor, of his last will.

The amended petition on which the case was tried is in two counts. The first stated in substance that Isaac M. Davidson on December 12, 1893, was indebted to one T. N. Caldwell in the sum of $1,000, for work and labor done by him under contract with Davidson for grading and building a retaining wall on Pine street in the city of Poplar Bluff, and that Caldwell on that day, for a valuable consideration, assigned, in writing, the debt to plaintiffs. The second count stated in substance, that on July 8, 1893, Davidson was indebted to Caldwell in the sum of $2,000 for work done by him under contract with Davidson in grading Poplar street in same city, and on that date, for value, assigned in writing the debt to plaintiffs. Judgment was prayed in each count accordingly.

The answer of the executrix and executor to the first count denied that their testator was indebted as charged on the day named, and averred that prior to that date he had paid Caldwell all money he owed him for the work in that count specified; and in their answer to the second count, they denied that their testator owed the debt named, and averred that prior to his death and before he had any notice of the alleged assignment, he had settled the matter with Caldwell and paid him all that was due him. There seems to have been no reply to the new matter in the answers.

The cause came on for trial before the court and a jury; the plaintiffs introduced evidence tending to prove the statements in their petition, and the defendants introduced evidence tending to prove the payment and settlement pleaded in their answers. Upon the close of all the evidence, the court instructed the jury that under the pleadings and evidence introduced, the plaintiffs were not entitled to recover, and their verdict must be for defendants. The court at the same time refused several instructions asked by the plaintiffs. The

jury found a verdict for the defendants as the court instructed. In due time plaintiffs filed a motion for a new trial which was overruled. Then they filed their bill of exceptions and took this appeal.

The ground on which the trial court based its peremptory instruction is not very apparent from the record, but it must have been because the court was of the opinion either that plaintiff's evidence did not tend to prove the allegations of the petition, or that the testimony for defendants conclusively established their pleas of payment, or because there was no reply to the affirmative pleas. In no phase of the case however, as presented by the record, was the peremptory instruction justified.

I. The documentary evidence introduced by plaintiffs tended to prove the contracts of Davidson with the city, the rates of prices and the amount of work done under each contract. The testimony of Orchard tended to prove that the agreement between Davidson and Caldwell was, that the former was to pay the latter seventy per cent of what Davidson received in tax bills from the city; also that Caldwell did the work. The testimony of plaintiffs and defendants alike agreed that Caldwell did the work. The written assignments of Caldwell to the plaintiffs as stated in the petition were in evidence. The testimony of Edwards tended to prove that Davidson as early as July 18, 1893, had notice of the assignment of July 8. The court of its own motion struck out part of this witness' testimony on the ground that it tended to disclose what was said by Davidson in an effort to compromise. But the court mistook the tendency of that testimony; there was no suggestion of a compromise. The testimony was only to the effect that Davidson offered to transfer to plaintiffs a mortgage he held in payment of the claim, which offer was refused. It was error to have excluded that testimony. The testimony of this witness also tended to prove that a $2,000 note referred to in defendants' testimony was paid on another account than

the claims in suit. The testimony of Roth disclosed a transaction and conversation between Davidson and the witness which, in connection with the other evidence of the plaintiffs, would tend to show that Davidson had notice of the alleged assignment to plaintiffs. This testimony, on objection of the defendants, was excluded from the jury; and this was error.

Whether or not plaintiffs' testimony was of sufficient weight to establish the facts that it tended to prove, was a question for the jury and not for the court. The plaintiffs themselves were incompetent as witnesses to prove what passed in conversation between Davidson and themselves relating to this matter, because at the time of the trial, Davidson was dead; the trial court ruled correctly on that point.

II. The evidence to support the defendants' pleas of payment and settlement consisted chiefly in what purported to be an account stated between Davidson and Caldwell, dated July 13, 1893, backed up and explained by the oral testimony of Jay Davidson, a son of the testator. Much of the testimony of this witness was incompetent, being his general conclusion rather than a statement of facts. None of it essayed to vary the terms of a written contract, and some was in effect mere hearsay.

The alleged settlement consists only of dates, names and figures, arranged in ledger style, none of which are self-explanatory, running over several pages and summing up in the debit column $12,448.58, and in the credit $1,297.40, the last item in the debit column being "By amt. Dalton's bill $227.95." At the foot of the account is this memorandum: "I have examined the foregoing and find it correct except the item to Dalton, this Feby. 13, 1894. T. N. Caldwell."

It does not appear from the face of this paper what transactions it really covers. It is manifest from the testimony on both sides that it covers other transactions than those involved in this suit; whether or not it also covers them, does not appear on its face, and the main effort through this wit-

ness, Jay Davidson, was to show that it did cover them. This might have been proven by oral testimony if it was so, but whether or not it was so depended on the facts from which that conclusion could be drawn, and those facts should have been given to the jury whose duty it was to have drawn whatever conclusions were to be drawn.

But this is the way the testimony was given to the jury:

"Q. Now, Mr. Davidson, I will ask you if the settlement here embraces the work here sued for by the plaintiffs?

"A. Yes, sir; it embraces the work done on Pine street, and I believe that on Poplar street, I can tell you in a minute. Yes I think that it is both streets; I know that it is on Pine street; my sister and I made up that account from our day book, check books and orders taken in checks paid to Caldwell, orders from him to Davidson."

This means that the witness has examined certain books, orders and checks which furnished satisfactory evidence to his mind that the paper in question embraced the subject in suit, and without bringing that evidence before the jury, he merely stated the result of his research and his judgment on the evidence.

Then being asked what the contract was between his father and Caldwell for the work on Pine and Poplar streets, he produced a written contract between them for work on Second street and said: "This contract for the work done on Second street governed the price he was to pay for all other work on other streets." If that was his construction of the written contract, it was merely his opinion; if he was attempting to say that whilst in terms it only related to work on Second street, yet the parties really intended it to cover all other work, then he was making a serious addition to the written instrument.

Two orders given by Caldwell on Davidson in favor of plaintiffs, one for $1,500 and one for $500 were produced and the witness stated that he found them among his father's

papers, and in further explanation of the settlement he testified that a $2,000 item therein shown as a payment to plaintiffs was not for the two orders above mentioned, but represented other transactions. On cross-examination, however, he was unable to state what the transactions were, and left it debatable if he really knew anything about it.

This, in the main, is the character of the testimony adduced to prove the payments pleaded. The alleged settlement was properly admitted in evidence, but it was by no means conclusive of the whole case. There was in the first place the burden on the defendants to satisfy the jury that it covered the transactions in suit, and if that point was gained then before the jury would have been justified in finding that it barred the plaintiffs' claim, they must have been satisfied from the evidence that it was made before Davidson had notice of the assignments under which plaintiffs claim. But in any view of the case it was the province of the jury and not of the court to say whether or not the evidence was satisfactory.

III. The record does not show that a reply was filed to the pleas of payment and settlement. But the cause was tried as if it was at issue on those points and it was too late to take advantage of the absence of a reply at the close of a trial. This just rule has frequently been laid down by this court. [State ex rel. v. Phillips, 137 Mo. 259.]

IV. The plaintiffs asked the following instructions, which were refused:

1. The court instructs the jury that under the pleadings and evidence in the above cause your verdict and finding must be for the plaintiffs on the first count in their petition, to wit, for the sum of one thousand dollars on the first count thereof, and you will so find and return in your verdict.

2. The court instructs the jury that under the pleadings and evidence in above cause your verdict and finding must be for the plaintiffs on the second count in their peti-

tion, to wit, for the sum of two thousand dollars, on the second count thereof.

3.   The court instructs the jury that if they believe and find from the evidence that on the 12th day of December, A. D. 1893, I. M. Davidson, deceased, was indebted to one T. N. Caldwell in the sum of one thousand dollars or any other sum, for work and labor done and performed by said T. N. Caldwell for said I. M. Davidson, deceased, in grading Pine street between Sixth and Eighth streets, of the city of Poplar Bluff, Missouri, and that said T. N. Caldwell at the time, for a valuable consideration, assigned said indebtedness to plaintiffs, you will find a verdict in favor of plaintiffs on the first count in their said petition, for such sum or sums as you believe and find from the evidence to have been so due and owing from said I. M. Davidson, deceased, at said time to said T. N. Caldwell, not to exceed the sum of one thousand dollars; unless you further believe and find from the evidence that subsequent thereto, said I. M. Davidson, deceased, paid any sum or sums so owing by him to said T. N. Caldwell, and without notice of any assignment of said debt by said Caldwell to these plaintiffs.

4.   The court instructs the jury that if they believe and find from the evidence that on the 8th day of July, A. D. 1893, or at any time thereafter, I. M. Davidson, deceased, was or became indebted to one T. N. Caldwell in the sum of two thousand dollars or any other sum for work and labor done and performed by said T. N. Caldwell for said I. M. Davidson, deceased, in grading Poplar street in the city of Poplar Bluff, Missouri, and that the said T. N. Caldwell at the time, for a valuable consideration assigned said indebtedness so due or to become due to plaintiffs, you will find a verdict in favor of the plaintiffs on the second count in their said petition, for such sum or sums as you may believe and find from the evidence to have been so due and owing or thereafter become so due and owing by said I. M. Davidson,

deceased, to T. N. Caldwell, not to exceed the sum of two thousand dollars; unless you further find and believe from the evidence that subsequent thereto said I. M. Davidson, deceased, paid any sum or sums so owing or that thereafter become so due and owing by him to said T. N. Caldwell, and without notice of any assignment of said debt so owing or that thereafter become so due and owing by said Caldwell to these plaintiffs.

5.   The court instructs the jury that, in the consideration of your verdict, the testimony of the witness Jay Davidson, for the defense, is withdrawn from your consideration.

The first and second instructions asked by the plaintiffs peremptorily directing a verdict for them were properly refused, the case should have been given to the jury to weigh the evidence.   The fifth instruction asked by the plaintiffs was likewise properly refused.   Some of the testimony of the witness therein named was incompetent, but not all of it. The third and fourth instructions asked by the plaintiffs, properly expressed the law, and should have been given.

The judgment of the circuit court is reversed and the cause remanded to be retried according to the views herein expressed.   All concur.