## TAUSSIG v. ST. LOUIS & KIRKWOOD RAILROAD COMPANY, Appellant.

### Division One, February 15, 1905.

1. **SERVICE: Corporation: Secretary.** The return of the sheriff showing that the summons was served by delivering a copy of the writ and petition to the secretary of the defendant corporation, at the defendant's usual business office, in the county in which the suit is brought, said secretary being in charge thereof at the time, and that the president or other chief officer could not be found in said county at the time of service, conclusively establishes the jurisdiction of the circuit court over the person of defendant.

2. **NINE-JURY LAW: Validity.** The law empowering nine or more of the jury to make a verdict in civil cases in the circuit court is valid.

3. **PLEADING: Account: Exhibit: Sufficiency.** The contention that the exhibit filed with the petition did not sufficiently itemize the account is, in this case, sufficiently answered by the exhibit itself.

4. **CORPORATION: Director: Professional Services.** A director and officer of a corporation may recover the reasonable value of his professional services rendered (as a lawyer) at the request of the company's directors or general manager under such circumstances that the parties understood, or ought to have understood, that they were to be paid for. (Following Taussig v. Railroad, 166 Mo. 28.)

5. **——: ——: ——: Stare Decisis: Retrial.** The rulings of the appellate court rendered on appeal become the law of the case on a retrial and on the second appeal.

6. **INSTRUCTIONS: Abstract Proposition of Law.** An instruction which does not authorize a recovery by either party, but is a mere abstract proposition of law, correct as far as it goes, should not be given, but as it could not have misled the jury the giving of it is not reversible error.

7. ———: **Several and Joint Services: No Evidence.** Where plaintiff sues for the value of services rendered by him individually it is not error to refuse instructions which declare that he cannot recover if those services were rendered jointly with another if there is no evidence that they were so rendered.

8. **REPLY: Understanding At Trial: Effect of General Demurrer.** Where the case was tried on the theory that the reply joined issue on the defenses set up in the answer and was so understood by both parties, the judgment will not be reversed even if the reply does not in fact sufficiently join the issue. And a general demurrer asked by defendant at the close of plaintiff's case, to the effect that "under the pleadings and evidence the plaintiff cannot recover," does not affect this general rule, for the reason that such demurrer does not direct the attention of the court specifically to any supposed defect in the reply.

9. **CORPORATION: Professional Services: Payment in Stock.** In order that stock issued to a director in payment of professional services rendered to a company in connection with its organization and other matters, may be so considered, it must appear that the stock was accepted by him and accepted in payment for such services.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

AFFIRMED.

*Dawson & Garvin, Leonard Wilcox* and *Jefferson Chandler* for appellant.

(1) Plaintiff should have been nonsuited. Pew v. Bank, 130 Mass. 396; Boston v. Dist. of Col., 19 Ct. of Claims 157; Scudder v. Ames, 89 Mo. 510; Guenther v. Birkicht's Admr., 22 Mo. 445. At least the verdict is so strong against the evidence as to raise a presumption of prejudice or disregard of the instructions on the part of the jury. Spohn v. Railroad, 87 Mo. 84; Spiro v. Railroad, 76 S. W. 689. (2) Instruction 1 was erroneous in itself and is inconsistent with 6. Cheeney v. Railroad, 68 Ill. 575; Adlets v. Shoe Co., 84 Mo. App. 292; Taussig v. Railroad, 166 Mo. 33; Hodges v. Railroad, 29 Vt. 222; Nat. Loan Co.

v. Rockland Co., 94 Fed. 337; Doe v. Coal, etc., Co., 78 Fed. 67; Baker v. Railroad, 122 Mo. 596. (3) Instruction 2 was erroneous. Railroad v. Christy, 79 Pa. St. 58; Tift v. Bank, 141 Pa. St. 550; Hall v. Railroad, 28 Vt. 406; Scudder v. Ames, 89 Mo. 510; Pew v. Bank, 130 Mass. 396. (4) Instruction 3 was erroneous. Guenther v. Birkicht's Admr., 22 Mo. 445; Allen v. College, 41 Mo. 309; Westgate v. Munroe, 100 Mass. 227; Pew v. Bank, 130 Mass. 395; Hartwell v. Christopher, 61 Mo. App. 64; Whaley v. Peak, 49 Mo. 83. (5) It was error to permit plaintiff to give evidence of the charges in the account and to overrule the objections of defendant to the particular items of the account. R. S. 1899, sec. 630; McAdam v. Scudder, 127 Mo. 355; Dawson v. Quillen, 61 Mo. App. 676; Sidway v. Live Stock Co., 163 Mo. 372; Landau v. Cottrell, 159 Mo. 317; State v. Smith, 89 Mo. 409; Railroad v. Granger, 85 Tex. 577; Watkins v. Donnelly, 88 Mo. 322. (6) It was error to refuse to allow Pitman and Edwards to state what their understanding and expectation were about plaintiff being paid, and whether they ever employed plaintiff as an attorney with the expectation of paying him. (7) The verdict was not a lawful verdict. The defendant was entitled to have the case determined by a unanimous verdict. Thompson v. Utah, 170 U. S. 343; State v. Powell, 77 Miss. 543; Edwards v. Lesueur, 132 Mo. 433; Vaughan v. Scade, 30 Mo. 604; Morrison v. Railroad, 96 Mo. 602.

*Jones, Jones & Hocker* for respondent.

(1) Under the law of this jurisdiction, the opinion upon the former hearing of this case (166 Mo. 28) is the law of this case. May v. Crawford, 150 Mo. 504; Gordon v. Burris, 153 Mo. 223; Carey v. West, 165 Mo. 455; State v. Spencer, 166 Mo. 274. (2) Instruction 1 is carefully drawn upon lines laid down by

this court in the former opinion (166 Mo. 28).     The complaint against it is that "it' ignores the fact that the plaintiff was a director and officer most of the time when the services sued for were rendered." The instruction itself need only be read in order to refute this statement.     (3)   Defendant complains that the exhibit attached to the petition is not an itemized account.   This contention is bottomed upon the provisions of section 630, Revised Statutes 1899.   This is an action for services rendered.   It is not contended that the petition does not state a cause of action.   This is conceded.   The contention is that the account filed therewith is indefinite and uncertain.   This objection is not justified.   It is hard to conceive how the account of an attorney against his client could or should be more particular than the account sued on in this case.   (4)   The employment of counsel in this case against the St. Louis Trust Company was upon a motion made by Mr. Houseman and seconded by Mr. Edwards.   It is true that other counsel besides Mr. Taussig was employed by this resolution, but the testimony is conclusive and indisputable that Collins and Jamison did nothing whatever in connection with this case, on account of their relationship to the Trust Company, and that Mr. Hidden did nothing whatever, except that he was in the court room when the case came up, but took no part whatever in the trial, and that the pleadings were entirely prepared by Mr. Taussig.   The employment was clearly joint and several, and the value of the services of Collins and Jamison being admittedly nothing, and those of Mr. Hidden of the same value, there was nothing in the resolution which made the contract a joint contract; but it was a several contract, and there was no dispute as to the value of these services.   (5)   As to the plea to the jurisdiction, the sheriff's return shows that the writ and petition were served in the city of St. Louis upon the secretary of the company, he being in said

defendant's usual business office, and in charge
thereof at the time of service.

BRACE, P. J.—This is an appeal from a judg-
ment of the St. Louis County Circuit Court in favor
of the plaintiff against the defendant for the sum of
$4,500 in an action instituted in the St. Louis City Cir-
cuit Court and taken thence to the circuit court of St.
Louis county by change of venue.

The petition is as follows:

"The plaintiff for his petition states that he was
at all the times herein mentioned an attorney at law;
that defendant was at all the times herein mentioned
and still is a corporation under the laws of Missouri.
That the plaintiff, at the special instance and request
of defendant, did, from September 1, 1893, until June,
1896, render to the defendant legal services in and
about the affairs of defendant (an itemized account
whereof is herewith filed, marked 'Exhibit A') of
the value of four thousand five hundred dollars, and
being so indebted the defendant promised to pay the
same to plaintiff on demand. Plaintiff states that de-
fendant has failed to pay the same, though frequently
thereto requested. Wherefore he prays judgment for
four thousand and five hundred dollars, interest and
costs."

## EXHIBIT A.

## ST. LOUIS & KIRKWOOD RAILROAD COMPANY
## TO GEO. W. TAUSSIG

1893.  Sept. to June 1. 1896.
  (1) To preparation of articles of incorpora-
        tion and services in  connection with
        procuring incorporation .. .. ........$  150 00

(2) To preparation of ordinances from town of Kirkwood for right-of-way through town .. ... ................    150 00

(3) To preparation of ordinances (2) for franchise from county court of St. Louis county, and services in connection with procuring franchises from county court .. ......... ..........    500 00

(4) To preparation of contracts and instruments for transfer of power house property from Madden .............    50 00

(5) To preparation of contracts with Meramec Highlands Co. and legal services in connection with same ............    250 00

(6) To legal services in examination of titles of owners of rights-of-way, preparation of deeds and other instruments and legal services in connection therewith .. ... .. .....................    750 00

(7) To legal services in procuring increase capital stock .. ... .................    150 00

(8) To legal services in connection with preparation of first mortgage bonds and deeds of mortgage .. ..:..........    250 00

(9) To legal services in connection with preparation of bonus subscriptions....    150 00

(10) To legal services in connection with suits against St. Louis Trust Co. for conversion and for removal as trustee.    500 00

(11) To legal services in connection with preparation of contract with Geo. W. Baumhoff .. ...... ..............    100 00

(12) To legal services in connection with settlement of claims for damages for personal injuries by accident of March 8, 1896 .. ... .. ....................$1,500 00

$4,500 00

The substance of the answer is:

"First.  A plea to the jurisdiction.  Second.  A general denial of all the allegations of the petition. Third.  That at the time prior to and on or about the date of the incorporation of the defendant, it was mutually agreed between the plaintiff and the other promoters and incorporators of said company, that the company should be organized and managed without any expense to the company for and on account of any services of any of the promoters, excepting Mr. Houseman; and that all of the acts done by plaintiff for or on behalf of defendant, whether as secretary, director or otherwise, were done pursuant to such agreement and without any promise or agreement on the part of defendant to pay for the same or any of them.  Fourth. That during the entire time, plaintiff was a director and secretary of defendant, and that no salary or compensation was ever fixed by the articles of the association, or by resolution of the board of directors entered of record on the minutes of such board.  Fifth. That all of the acts done in connection with the suits against the St. Louis Trust Company were done in connection with other attorneys and plaintiff jointly, and that therefore there is a defect of parties plaintiff as to such item.  Sixth.  A plea of payment."

The reply is a denial of all and singular the allegations of new matter contained in the answer.

At the inception of the trial the defendant objected to the introduction of any evidence under the petition on the ground "that the items of the account are not set out in the petition and that the account which is filed with the petition is not an itemized account," and in the course of the trial a like objection was made to the introduction of evidence upon each item of said exhibit, all of which objections were overruled, and defendant excepted.  Other objections of the defendant to the rulings of the court upon the admission of evidence are not of sufficient merit to re-

quire notice. At the close of the plaintiff's evidence, and at the close of all the evidence, the defendant asked the court for a peremptory instruction that the plaintiff could not recover, which were refused, the defendant excepted, and the case was submitted to the jury on the following instructions:

*Instructions at Request of Plaintiff.*

"1. Although the plaintiff was an officer and director of the defendant corporation, yet if the jury believe and find from the evidence that at the request of the directors or at the request of the general manager of the defendant corporation, he rendered service to such corporation as a lawyer, and that there was at no time any agreement or promise on the part of plaintiff not to charge for such services and that at the time of the rendition of such services plaintiff intended to charge therefor and that such services were rendered under such circumstances that the defendant expected or ought to have expected that they were to be paid for—then the jury are authorized to find that there was an implied promise to pay a reasonable value for such service, even though there was no express contract or agreement by defendant to pay for such services; and if you find that there was such implied promise, then your verdict should be for the plaintiff, and you should assess his damages at such sum, not exceeding $4,500, as you may believe from the evidence such services were fairly worth, with interest thereon at six per cent per annum from the date of the institution of this suit, May 6, 1897, to the present time.

"2. If the jury believe and find from the evidence that prior to the incorporation of defendant, the plaintiff at the request of the organizers and incorporators of the defendant corporation performed certain services as a lawyer in the matter of the preparation of the articles of incorporation and procuring the de-

fendant's incorporation; that there was at no time any agreement or promise on the part of plaintiff not to charge for such services and at the time of the rendition of such services plaintiff intended to charge therefor, and that such services were rendered under such circumstances that the said organizers and incorporators expected or ought to have expected that they were to be paid for, then the jury are authorized to find that there was an implied promise to pay the reasonable value of such services, even though there was no express promise or agreement on the part of said organizers or incorporators, or on the part of the defendant, to pay for such services. And if you find that there was such implied promise, and that the defendant accepted and operated under the certificate of incorporation procured by the plaintiff, then the defendant is liable to plaintiff for the reasonable value of the services rendered by him in preparing the articles of incorporation and procuring the incorporation of the defendant, not exceeding $150, and you will include what you may believe to be the reasonable value of this service (not exceeding $150) in the plaintiff's damages if you conclude to find for the plaintiff, notwithstanding said services were rendered before the defendant was incorporated.

"But you should bear in mind that this item here mentioned is part of the entire bill mentioned in the preceding instruction, and not in addition thereto.

"3.  The court instructs the jury that if an officer or director of a corporation renders services to the corporation that are not required of him by his duties as such officer or director, but are such as are properly performed by an attorney, he may, in the absence of any agreement to render such services without charge or understanding that they are so rendered, recover reasonable compensation therefor."

*Instructions at Request of Defendant.*

"5. Although you should find that plaintiff rendered the services in question or some of them, yet, if you believe, from the evidence and circumstances shown in evidence, that the services so rendered, or any part thereof, were rendered and accepted with the mutual understanding on the part of plaintiff and defendant at the time they were rendered and accepted that they were not to be paid for, then as to such of said services as you may find from the evidence were rendered and accepted on the aforesaid mutual understanding, your verdict must be for the defendant.

"6. Although you may find that plaintiff rendered services to defendant and defendant accepted them, yet, if you find from the evidence and circumstances shown in evidence that at the time they were rendered and accepted it was understood by and between plaintiff and defendant that any part of said services were not to be considered as services rendered by plaintiff as an attorney at law, but as a director of the defendant company, then as to such part of said services the plaintiff can not recover, and as to such part of said services your verdict must be for the defendant.

"7. The court declares the law to be that if the jury find from the evidence that plaintiff and Houseman, being directors of the defendant, were on or about June 6, 1894, by resolution of the board of directors appointed a committee of the board of directors to obtain a franchise from the county court of St. Louis county and to take all necessary steps in that behalf and that plaintiff and said Houseman accepted such appointment, then, although the jury may believe that the services sued for and attempted to be described in the third item of the plaintiff's account filed with his

petition herein, relating to preparing ordinances or orders for franchises from the county court and services in connection with procuring the same, were rendered by plaintiff, yet if you find from the evidence that any part of said services were rendered by him jointly with said Houseman, and as a member of said committee, or by said plaintiff alone as a member of said committee, then such part of said services as the jury find from the evidence were so rendered by plaintiff was gratuitous and the plaintiff can not recover anything in this action for such part.

"8. If it be found from the evidence that for any of the time in question here the conditions, circumstances and relations between the plaintiff, Geo. W. Taussig, and the St. Louis & Kirkwood Railroad Company were such that by mutual general arrangement and understanding between them his, said Taussig's, services, in its behalf, including those sued for, were to be and were voluntary and free of charge, then the presumption is and must be that the same arrangement and understanding continued throughout, unless a change to a different arrangement or understanding between them be proved by the evidence. And the burden of proving such change by the greater weight of the evidence rests on the party asserting it was made."

And the court upon its own motion instructed the jury that any nine or more of the jurors concurring may return a verdict, and *refused* to give the following additional instructions asked by the defendant:

"11. The court instructs the jury that under the evidence the plaintiff can not recover any sum for services rendered by him, if any, in the suits against the St. Louis Trust Company.

"12. The court instructs the jury that if they find that the services in the suits against the St. Louis Trust Company were rendered, yet if you find they

were rendered under an employment pursuant to the resolution of the board of directors of February 18, 1896, then your verdict as to said services in said suit must be for the defendant.''

To the giving of the instructions aforesaid for plaintiff, and by the court on its own motion, and to the refusal to give the two last instructions aforesaid for the defendant, the defendant excepted. The jury, ten of their number concurring, returned a verdict for plaintiff for forty-five hundred dollars, and the defendant appealed.

(1) . The jurisdiction of the St. Louis City Circuit Court in which the suit was instituted was conclusively established by the return of the sheriff which showed that the summons was served by delivering a copy of the writ and petition to the secretary of the defendant, in the defendant's usual business office, in said city, he being in charge thereof at the time, and that the president or other chief officer could not be found in said city at the time of service. [R. S. 1899, secs. 994-997; Smoot v. Judd, 184 Mo. 508.]

(2) The validity of the law authorizing a verdict by a jury, nine or more of their number concurring therein, has been established by the decision of this court in Gabbert v. Railroad, 171 Mo. 84, and numerous decisions since, and is no longer an open question; hence the court committed no error in giving the instruction on its own motion.

(3) The contention that the exhibit filed with the petition did not sufficiently itemize the services for the value of which the action was brought, is sufficiently answered by the exhibit itself, which, for that purpose, has been set out at length in the foregoing statement. Hence, the court committed no error in overruling the objections to the introduction of any evidence under the petition on that ground.

(4) This is the second appeal in this case. On the former appeal the judgment of the circuit court

was reversed, and "the cause remanded with directions to set aside the nonsuit, and proceed with the trial of the cause in accordance with the views expressed in the opinion." [Taussig v. Railroad, 166 Mo. 28-38.]

In compliance with the ruling and mandate a second trial was had, resulting in the judgment for plaintiff, from which this appeal is taken. The trial was upon the same pleadings, and the evidence for the plaintiff was substantially the same as on the first trial, which resulted in his nonsuit. It clearly appeared from that evidence, as was said on the former appeal, " that the services were rendered, that they were professional services, that they were of the value charged therefor, that they were performed at the instance of the general manager and directors, and the benefits thereof accepted by the corporation," and this court in setting aside the nonsuit and remanding the case necessarily held that the plaintiff's petition stated a cause of action, that his evidence tended to prove it, and made a case for the jury. On the second trial under this mandate, these facts were established by the verdict of the jury, and thereupon in the first appeal it was in effect held that the plaintiff, although a director and officer of the company, might recover the reasonable value of such services, if they were rendered not gratuitously in the line of his duty as such director or officer, but at the request of defendant's directors or general managers under such circumstances that the parties understood, or ought to have understood, that they were to be paid for. These rulings of this court upon the first appeal became the law of the case for the second trial and is the law of the case on this appeal. [State ex rel. v. Spencer, 166 Mo. 271; Carey v. West, 165 Mo. 452; Gordon v. Burris,. 153 Mo. 223; May v. Crawford, 150 Mo. l. c. 524; Baker v. Railroad, 147 Mo. 140.] Hence, the court committed no error in refusing the peremptory instructions asked

by the defendant at the close of plaintiff's evidence and at the close of all the evidence, and in submitting the same to the jury.

Was the case fairly submitted, under the law as thus declared by the instructions set out? is the next question.

The points open for consideration on this appeal made against the instructions given for plaintiff, so far as we are able to discover them in the argument of counsel for defendant, much of which is upon the law of the case as if it had not been declared by this court, and upon the facts as if they had not been found by the jury, may be summed up as follows:

That instruction numbered 1 is unsupported by the evidence, ignores the fact that plaintiff was a director and officer most of the time when the services were rendered, covers services that might have been rendered by him as such director or officer, assumes that all the services were requested by the directors, and that the general manager had authority to employ an attorney, and is inconsistent with instruction numbered 6 given for the defendant.

That instruction numbered 2 given for plaintiff is obnoxious to the same criticism as number 1, and the previous decision of this court herein upon which it is based is erroneous, and that instruction numbered 3 authorizes a recovery by plaintiff if he rendered services not required of him as a director, and for these reasons it is contended that the judgment should be reversed. This contention can not be maintained. There was ample evidence upon which to base these instructions.

Instruction numbered 1 does not ignore the fact that plaintiff was a director and officer of the defendant corporation, but on the contrary such fact is announced in the opening sentence of the instruction as a conceded fact for all its subsequent predicates. It does not authorize a recovery by plaintiff for any ser-

vices rendered by him as director or officer of the corporation, but on the contrary authorized a recovery only for services performed by him as a lawyer, i. e., professional services, for which he sued for compensation. This was the character of services which the evidence showed he performed, and compensation for this character of service is all the instruction authorized, and this was emphasized by instruction numbered 6 given for defendant, by which the jury were, in effect, told that the plaintiff was not entitled to recover for any services which it was understood by the parties were not to be considered as services rendered by him as an attorney at law, but as a director of the defendant company. These two instructions were not inconsistent with each other, the latter being but a fitting complement to the former, from the defendant's side.

Instruction numbered 1 does not assume that all the services were requested by the directors, but requires the jury to find that all the services were performed, either at the request of the directors or general manager. The question of the authority of the general manager to employ an attorney was not at all involved in the questions of fact to be determined by the jury. Their only province under the law in this case upon that subject, so far as he was concerned, was to determine whether the services were performed at his request. Instruction numbered 2 is in harmony with the law as declared in the opinion on the former appeal, and is unobjectionable.. Instruction numbered 3 does not authorize a recovery by the plaintiff at all—is a mere abstract proposition of law, correct as far as it goes, and which, when read in connection with the other instructions, could not have misled the jury. While it would have been better to have omitted it, the giving of it is not reversible error. There was no error in refusing defendant's instructions numbered 11 and 12, as there was no substantial evidence tending to prove a joint contract for the performance of the

services therein referred to, or that the services were rendered jointly with any other person. The case was fairly submitted to the jury under the law as declared by this court on the former appeal.

(5) After the case was submitted in this court, counsel for appellant, with leave, filed an additional brief, in which the sufficiency of the reply is for the first time questioned. The right to question it here is based upon the fact that at the close of plaintiff's evidence the defendant asked the court for a peremptory instruction that "under the pleadings and evidence plaintiff is not entitled to recover," and at the close of all the evidence that "under the evidence the plaintiff can not recover," and that the refusal of the court to give these instructions was assigned as ground for new trial. In this we fail to find any ground for reversal.

Each of the defenses was set up in the answer in a separate and independent paragraph, and the reply could not be construed to mean anything else than a denial of the facts contained in each of them, as all except the general denial was new matter. Moreover, the denial was so understood, and the case tried as if issue on those defenses had been so joined by the reply, and we have uniformly held that when a case has been so tried, even if no reply at all has been filed, the judgment will not for that reason be reversed. [Ferguson & Wheeler v. Davidson, 147 Mo. 664; State ex rel. v. Phillips, 137 Mo. 259.]

The general demurrers aforesaid which did not direct the attention of the trial court specifically to any supposed defect in the reply do not take the case out of this rule. [Chinn v. Naylor, 182 Mo. 583; Smith v. City of St. Joseph, 45 Mo. 449.]

(6) In this additional brief it is also contended that the judgment can not be maintained on at least $2,500 of plaintiff's claim, for the reason that under a resolution of defendant's board of directors, certified to by plaintiff as secretary, a certificate for twenty-five

shares of the non-assessable stock of the corporation was issued in the name of the plaintiff on account of money expended and extraordinary services rendered by the plaintiff. But there was no evidence tending to show that the plaintiff ever accepted the certificate or the stock represented by it, on account of the services sued for, or on any account, or ever accepted it at all. On the contrary, it appeared affirmatively from the evidence that the certificate was never delivered to the plaintiff; that when it was signed it was immediately turned back to the company, ever since has been retained by it, and that no actual transfer of the stock was thereby intended or made. No credit on account of this certificate or stock was claimed in any manner on the trial below and there is no basis for such a claim here.

The case on the whole was fairly tried in accordance with the views expressed in the opinion on the former appeal, and the judgment of the circuit court ought to be affirmed. It is accordingly so ordered.

All concur.