CORNWALL, Respondent, v. STAR BOTTLING COM-
PANY, Appellant. .

St. Louis Court of Appeals, December 17, 1907.

1. **PROCESS: Conclusiveness of Return on Summons.** Where an
officer's return to his summons shows service in the manner pre-
scribed by statute, it is conclusive upon the parties to the suit,
and affidavits showing a return to be false in fact are inadmissi-
ble in support of a motion to quash such return.

2. —————: **Corporations: Absence of Chief Officer.** Where the
sheriff's return of summons upon a corporation recited that such
service was had upon the person in charge of the business office
of the corporation, and that the president or other chief officers
could not be found "at the time of the service," it was sufficient
to show service upon the corporation; the fact that the president
or other chief officers might have been found on some other day
would not make the service insufficient.

Appeal from St. Louis City Circuit Court.—*Hon. Geo.
H. Shields,* Judge.

AFFIRMED.

*J. A. & L. A. Wind* and *J. Wm. Taylor* for appel-
lant.

(1)   The return of sheriff is conclusive only in col-
lateral attack.   Black on Judgts., sec. 324; Blythe v.
Hinckley, 84 Fed. 240; Adams v. Hickman, 43 Mo. 168.
(2)   Judgment rendered on a false return may be at-
tacked by motion to set aside made in court where ren-
dered.   Du Bois v. Clark, 12 Colo. App. 220; Bradley v.
Welch, 100 Mo. 267; Craig v. Smith, 65 Mo. 538.    (3)
Defendant should be given benefit of doubt.   17 Am. and
Eng. Ency., p. 843.    (4)   The judgment was irregular
in that (1) sheriff's return does not show that the pres-
ident or other chief officer could not be found in city of
St. Louis, as required by statute; it avers they could not
be found "at time of service." *Non constat* they might
have been found some other hour of the same day, or at

some other day in time for service! There was a motion for security for costs pending at the time judgment was rendered and it remains undisposed of to this day. Being irregular, the judgment should be set aside without the imposition of terms and even if there were no pretense of a meritorious defense. Hoen v. Railroad, 64 Mo. 571; Doan v. Holly, 27 Mo. 256; Harbor v. Railroad, 32 Mo. 423; Downing v. Still, 43 Mo. 309.

*Geo. W. Bailey* for respondent.

(1) As to its sufficiency: The statute is plain, and the return should speak for itself. R. S. 1899, secs. 995-6. And this court has precluded any question as to its sufficiency. Story v. Insurance Co., 61 Mo. App. 534. Taussig v. Railroad, 186 Mo. 269. (2) As to its conclusiveness: Respondent submits the following authorities as conclusive of that question. Smoot v. Judd, 184 Mo. 508, overruling Smoot v. Judd, 161 Mo. 673; Realty Co. v. Packing Co., 112 Mo. App. 271; Billingham v. M. & T. Co., 115 Mo. App. 154.

BLAND, P. J.—Defendant is a corporation. The action was to recover a balance of $150 on account. Defendant moved the court to quash the sheriff's return of the summons, for the reason "that no summons was ever served upon the defendant; that no copy of summons and petition was ever left with Wm. Freudenau, secretary of the defendant company; that Alex. D. Grant, president, and J. Wm. Taylor, vice-president, of the defendant company, resided and maintained offices in the city of St. Louis, Missouri, and were present in the city of St. Louis, Mo., and could readily have been found by the sheriff for service of summons in this cause." Affidavits were filed in support of the motion. The motion to quash was overruled and, defendant declining to plead further, or to appear to defend the action, judgment was rendered against it by default. A motion to set aside

the judgment by default was filed and overruled, whereupon defendant appealed.

The sheriff's return is as follows:

"Served this writ in the city of St. Louis, Missouri, on the within named defendant, the Star Bottling Company (a corporation), this seventeenth day of December, 1906, by delivering a copy of the writ and petition as furnished by the clerk to William Freudenau, secretary of the said defendant corporation, he being in said defendant's usual business office and in charge thereof. The president or other chief officer of said defendant could not be found in the city of St. Louis at the time of the service."

Defendant's contention is that the judgment was irregular in that the sheriff's return "does not show that the president or other chief officer could not be found in the city of St. Louis, as required by statute; it avers they could not be found 'at time of service.' *Non constat* they might have been found some other hour of the same day, or at some other day in time for service." Section 995, Revised Statutes 1899, provides that service of summons on a corporation shall be made on the president or other chief officer of the company, or, in his absence, by leaving a copy of the petition and summons at any business office of the company with the person having charge thereof. Section 996 requires the sheriff to express in his return on whom, how and when the summons had been executed, "and if not on the chief officer, he shall express the absence of such officer, or that he cannot be found." The affidavits filed in support of the motion to quash the return are to the effect, that both the president and vice-president of defendant maintained offices in the city of St. Louis, and were almost continuously in the city for six months prior to the date the affidavits were made, February 21, 1907.

William Freudenau, secretary of the company, filed an affidavit denying *in toto* the truth of the return, and

stating that the first intimation he had that suit had been brought was after judgment had been rendered. It is no longer a debatable question in this State that when the officer's return to a summons shows service in the manner prescribed by statute it is conclusive as to the parties to the suit, and if the return is false in fact, the remedy of the party injured is by suit on the officer's bond. [Smoot v. Judd, 184 Mo. 508, 83 S. W. 481; Taussig v. Railroad, 186 Mo. 269, 85 S. W. 378; State ex rel. v. Cowell, 102 S. W. 573; Realty Co. v. Packing Co., 112 Mo. App. 271, 86 S. W. 880; Rosenthal v. Windensohler, 115 Mo. App. l. c. 243-4, 91 S. W. 432, and cases cited.] Therefore, the affidavits filed in support of the motion to quash were inadmissible as evidence and were properly disregarded by the trial court. But it is contended that the return does not show the president, or other chief officer of the company, was absent from the city of St. Louis, or could not be found in said city. The statement in the return, that the president or other chief officer could not be found in the city of St. Louis on the day the service was made conclusive of that fact, and the fact that the president or other chief officer might have been found on some other day does not vitiate the return. The officer would naturally go to the office of the corporation to make service, and if on arriving there he ascertained the president or other chief officer could not be found in his bailiwick on that day, he would not be required to postpone service of the writ to some other day, if he could then and there serve it in one of the methods authorized by the statute.

The judgment is affirmed.   All concur.