**NATIONAL LIFE & ACCIDENT INSUR-ANCE COMPANY, Appellant,**

v.

**Hugh H. MAGERS, Assignee, Respondent.**

No. 22828.

Kansas City Court of Appeals.

Missouri.

Dec. 1, 1958.

Terrell, Hess, Van Osdol and Magruder, Paul Van Osdol, Jr., Charles P. Dribben, Kansas City, for appellant.

Southall & Southall by R. J. Southall, Kansas City, for respondent.

HUNTER, Judge.

This is an appeal by National Life & Accident Insurance Company, defendant-appellant, from a judgment for $342.22 and costs in favor of plaintiff-respondent, Hugh H. Magers, Assignee.

The petition is in twelve counts, each involving a separate policy of industrial insurance issued by appellant to nine different people in the normal course of appellant's business. Each of the nine had made an "assignment" to respondent who proceeded as alleged assignee, first, to demand of appellant insurance company the cash surrender value of the particular policy ranging from the lowest of $2.45 to the

highest of $84.99, and upon refusal, to collect same through this suit.

All of the policies, except the one in Count II to Isey Howard, contained a provision to the effect that "any assignment or pledge of this policy or of any of the benefits thereunder shall be void and of no effect."

In its answer appellant, as its affirmative defense, to all except Count II, pleaded and relied upon these nonassignability clauses. As to Count II, appellant alleged the entire matured value of that policy had been paid by it to Isey Howard.

At the jury waived trial in the circuit court respondent testified that he was an insurance actuary who advertised his services in the newspaper. All of the insureds under the policies involved came to his office in Kansas City and consulted him regarding the policies. Respondent advised them the policies had a cash surrender value of so much and also had an extended insurance or paid up insurance provision. "These people (the insureds) told me they had attempted to get the cash value when they came into my office, and that is what we were interested in. * * * They were after the cash value which they had previously attempted to get and was unable to get it."

Respondent had each of these people execute to him a document titled "Employment Agreement, Power of Attorney in Fact, and Assignment." He then had the insureds execute to him a document labeled "Affidavit and Assignment". All these documents are in evidence. Acting under these documents he made demand for payment on behalf of the insureds and was refused. He then brought this suit.

It was agreed at the trial by counsel for appellant and respondent that, except for the Isey Howard one, the cash values stated to the court by appellant's counsel, and later allowed by the trial court were in fact the amounts due and owing to each insured by appellant, and that they had not been paid. It was also agreed at the trial that all of these policies prior to their "assignment" to Magers had lapsed for failure to pay the premiums when due.

The trial court found, in all except Count II, that these "assignments" were mere trust agreements and powers of attorney for collection purposes and, thus, were not barred by the policy provisions prohibiting assignment and entered judgment for plaintiff for the agreed upon cash value amount.

As to Count II, concerning Isey Howard, the trial court found defendant failed to carry its burden of proof of payment made, and entered its judgment for plaintiff for $15 which was corrected on motion to $7.50.

Appellant's primary contention is that the trial court erred in finding that the policies or their benefits could be assigned when the contracts of insurance specifically "voided" and prohibited such assignments. Respondent's position is that there is more than one kind of assignment and that an assignment of a matured policy for collection is not prohibited by the policy.

The applicable rule is a well settled one, and is succinctly stated in 29 Am.Jur., Insurance, Sec. 506, p. 410: "General stipulation, in policies, prohibiting assignment thereof, except with the insurer's consent or upon giving some notice, or like conditions, have universally been held to apply only to assignments before loss and, accordingly, not to prevent an assignment after loss or death, or the maturity of the policy, of the claim or interest in the insurance money then due. To a like effect, the fact that a liability or indemnity insurance policy itself prohibits an assignment except with the consent of the insurer will not preclude an assignment of the policy or rights thereunder after the event has occurred by which liability under the policy is fastened upon the insurer. The fact that the policy is in a mutual company makes no difference. Indeed, a specific provision against an assignment after loss is null and void as in-

consistent with the covenant of indemnity and contrary to public policy."

■ In 45 C.J.S. Insurance § 574(b), p. 371, the same rule is thusly stated: "An assignment of the claim of insured after the loss has been sustained does not fall within the provision against assignment of the policy without consent of insurer, since the rights of the parties are fixed by the loss, and the assignment is merely the transfer of a chose in action. This rule applies although the policy prohibits assignments both before and after loss, the prohibition, so far as it relates to assignments after loss, being invalid as against public policy."

In 6 Couch, Cyclopedia of Insurance Law, Sec. 1459, p. 5276, it is stated: "General stipulations in policies, prohibiting assignment thereof, except with the insurer's consent * * * have universally been held to apply only to assignments before loss * * *."

In Flint Frozen Foods, Inc., v. Firemen's Insurance Co. of Newark, 12 N.J.Super. 396, 79 A.2d 739, 741–42, it is explained "The recognized reasons for the prohibition of assignments without the consent of the insurer had ceased. Its liability had become fixed, and like any other chose in action was assignable regardless of the conditions of the policy in question. This is settled by the great weight of authority."

In Metropolitan Life Insurance Co. v. Brown for Use and Benefit of Fleming, 25 Tenn.App. 514, 160 S.W.2d 434, suit was brought by an assignee for the cash surrender value of certain insurance policies. At page 437 of its opinion the court stated:

"There is nothing in the defendant's contention that there could be no assignment of any interest in these policies because each policy contained a stipulation prohibiting the assignment thereof. While each policy provided that any assignment of it would be void, there is a distinction between the assignment of a policy of insurance

before loss and the assignment of a claim for loss after the loss has occurred.

"A different situation arises and a different rule prevails as to assignments made by the assured after the event has occurred by which liability under the policy is fastened upon the insurer. In such cases the assignment, *even though it may purport to be of the policy,* is in reality an assignment of a claim under, or a right of action on, the policy. Under these circumstances the reasons for regarding the contract as personal have ceased to operate, and it is generally held or assumed that the policy, or rights thereunder, may be assigned, either with or without the consent of the insurer." (Italics ours.)

For other authority supporting the well-recognized rule that a stipulation in an insurance policy prohibiting its assignment does not apply to an assignment after the loss has occurred of the claim for the loss or of the amount due under a matured policy, see, Annotation, 122 A.L.R. 144; 26 C.J., Fire Insurance, Sec. 336, p. 268; 45 C.J.S. Insurance § 574; 5 Appleman, Insurance Law and Practice, Sec. 3459; 2 Appleman, Insurance Law and Practice, Sec. 1292; Annotation, 56 A.L.R. 1391; Ligon v. Metropolitan Life Insurance Co., 219 S.C. 143, 64 S.E.2d 258, 264, 26 A.L.R.2d 1064; Fiorito v. Northern Assurance Co., Mun.Ct., 158 N.Y.S.2d 818; Vierneisel v. Rhode Island Insurance Co., 77 Cal.App.2d 229, 175 P.2d 63; National Memorial Services v. Metropolitan Life Ins. Co., 355 Pa. 155, 49 A.2d 382, citing Williams v. Metropolitan Life Ins. Co., Mo.App. 233 S.W. 248; Ocean Accident & Guarantee Corporation v. Southwestern Bell Tel. Co., 8 Cir., 100 F.2d 441; National Mutual Casualty Co. v. Cypret, 207 Ark. 11, 179 S.W.2d 161; Standard Discount Co., Inc., v. Metropolitan Life Ins. Co., 321 Ill.App. 220, 53 N.E.2d 27; Metropolitan Life Ins. Co., v. Lanigan, 74 Colo. 386, 222 P. 402.

■ As demonstrated by the above authorities the various assignments by the

policy holders to Magers were in reality assignments of the matured claim and not a prohibited assignment of the policy. At the time of each assignment the company's liability had become fixed. The recognized and valid reasons for the prohibition of assignments without the consent of the insured had ceased. The right to recover the agreed upon amount due each policy holder as the cash value of the particular policy was a chose in action, and was assignable like any other chose in action of its type.

With regard to Count II, the Isey Howard Count, the evidence was that appellant had been given notice of Isey Howard's assignment to respondent and a copy of the assignment document which also provided that Magers was entitled to receive 50% of the cash value of the policy for his services in collecting the cash value. Nearly four years later appellant paid out the cash value of the policy—($15) by check to some person who endorsed Isey Howard's name thereto. Respondent adduced evidence to the effect that Isey Howard could not write his name nor read. In its amended judgment the trial court allowed respondent $7.50, as the 50% due respondent under his collection contract.

■ The Isey Howard policy is the only one in which there is no provision forbidding assignment. Assuming payment was made to the assignor, since it was made after appellant had actual notice of the assignment of this claim to respondent, appellant could not discharge its legal liability to respondent-assignee by payment to the assignor. 6 C.J.S.Assignments § 98(b) p. 1154; Whitesell v. Pioneer Construction Co., Mo.App., 2 S.W.2d 147; Ferguson v. Davidson, 147 Mo. 664, 49 S.W. 859, Cf. National Life & Accident Ins. Co. v. Lucas Funeral Home, Tex.Civ.App., 89 S.W.2d 468, 470. We find no merit in appellant's claim that the court erred against appellant in its judgment on Count II.

For the stated reasons, the judgment of the trial court is affirmed. It is so ordered.

All concur.