MOUND CITY ENGRAVING COMPANY, Respondent, v. MOBILE & OHIO RAILROAD COMPANY, Garnishee, Appellant.

St. Louis Court of Appeals. Submitted on Briefs December 6, 1909. Opinion Filed January 4, 1910.

1. GARNISHMENT: Pleading: Defects in Return: Manner of Raising. Defects appearing on the face of the return in garnishment must be raised by motion to quash, and not by answer or plea in abatement.

2. ———: ———: ———: Waiver: Answering to Merits. The garnishee, by answering to the merits after his motion to quash a return for defects on its face is overruled, loses the benefit of his motion, though he excepts to the ruling and alleges the same defects in his answer by way of plea in abatement.

3. ———: Return: Conclusiveness. The return in garnishment proceedings is conclusive as to the truth of recitals therein; the remedy for a false return being a suit on the officer's bond.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey*, Judg

AFFIRMED.

*R. P. & C. B. Williams* for appellant.

(1) The service in this case was insufficient to confer jurisdiction over the garnishee. The method of service pointed out by the statute in order to give jurisdiction over a corporation as garnishee not having been strictly followed as required by the authorities: Section 3437, Statutes of 1899; Gates v. Tusten, 89 Mo. 20; Haley v. Railroad, 80 Mo. 114; Dunn v. Railroad, 45 Mo. App. 34; Park v. Doak, 75 Mo. App. 334; Antonelle v. Vasile, 93 Mo. App. 138; Masterson v. Railroad, 20 Mo. App. 653; Mangold v. Dooley, 89 Mo. 111; Farmer v. Railroad, 19 Mo. App. 250; Epstein v. Salorgne, 6

M'o. App. 353. (2) Neither return in this case is sufficient to confer jurisdiction over the *res*, and the return on the attachment writ cannot be helped out by the return on the garnishment notice. Section 388 of the Revised Statutes 1899, pars. 4-5; Grocer Company v. Carlson, 67 Mo. App. 182; Todd v. Railroad, 33 Mo. App. 112; Norvell v. Porter, 62 Mo. 309; Keane v. Batholow, 4 Mo. App. 507; Masterson v. Railroad, 20 Mo. App. 655. (3) The garnishee by appearing and answering the interrogatories propounded to it did not waive the objections to the jurisdiction. Gates v. Tusten, 89 Mo. 13; Todd v. Railroad, 33 Mo. App. 115; Epstein v. Salorgne, 6 M'o. App. 353. (4) A garnishment notice is not a judicial writ and the return on this should be open to collateral attack. Grocery Co. v. Carlson, 67 Mo. App. 182; Todd v. Railroad, 33 Mo. App. 112.

*Julius T. Muench* for respondent.

(1) By filing its answer to the interrogatories the garnishee appeared generally to the proceedings and waived any defect in the service of the process. Dodge v. Knapp, 112 Mo. App. 513; Thomason v. Insurance Co., 114 Mo. App. 109. (2) The return of the constable on the notice of garnishment cannot be contradicted. The garnishee's only remedy, in case of a false return, is by suit upon the constable's bond. Newcomb v. Railroad, 182 Mo. 687; Strobel v. Clarke, 128 Mo. App. 48; Cornwall v. Bottling Co., 128 Mo. App. 163. (3) The chief clerk in charge of the St. Louis office of the garnishee, a foreign corporation, was "a chief or managing officer" within the meaning of the statute. McAllister v. Insurance Co., 28 M'o. 214. (4) Summoning the garnishee to appear before the justice to answer the usual interrogatories and attaching in its hands "any goods, chattels, moneys and evidences of debt which it might have belonging to defendant," and attaching in its hands "all debts due from it to defendant, or so

much thereof as should be sufficient to satisfy the debt, interest and costs" in the cause, as shown by the constable's return on the writ of attachment, was sufficient to confer on the justice jurisdiction of the *"res."* Sec. 388, R. S. 1899, pars. 4-5; Grocer Co. v. Carlson, 67 Mo. App. 179; Todd v. Railroad, 33 Mo. App. 110; Norvell v. Porter, 62 Mo. 309; Keane v. Bartholow, 4 Mo. App. 507; Masterson v. Railroad, 20 Mo. App. 655.

STATEMENT.—This case originated in a justice's court, brought there by attachment against the defendant, Horse Show Monthly Publishing Company, on an account for $176.70. Summons and writ of attachment against defendant issued on the 4th of December, 1906. Thereafter summons and notice of attachment and garnishment was issued, and in due form, against the Mobile & Ohio Railroad Company, as garnishee. Return of service of summons and notice of garnishment as against the railroad company (hereafter referred to as garnishee), which return will hereafter be noted. On the day named the garnishee appeared before the justice and filed a motion to quash the writs and the return of the constable as endorsed on the summons and writ of attachment, for reasons set forth in a motion hereafter to be set out. Thereupon the constable, by leave of the justice, filed amended returns on both the writ of attachment and the summons of garnishment, and the garnishee refiled its motion to quash. The justice overruled the motion. The garnishee thereupon filed its answer, hereafter set out, and the cause being heard before the justice, judgment was rendered against the garnishee for the sum of $40 and costs of garnishment. An appeal was duly taken to the circuit court by the garnishee. There the garnishee renewed and refiled its motion to quash.

The return of the constable on the summons, etc., before amended, recited the execution of the writ of at-

tachment, by summoning the Mobile & Ohio Railroad Company, a corporation, as garnishee, to appear before the justice on the day, hour and place named, then and there to answer on oath such interrogatories as might be exhibited against it on the part of plaintiff, touching its indebtedness to or possession or control of property, etc., and by declaring to the garnishee that the constable attached in its hands any goods, etc., and any debts due from it to the defendant, etc. The amendment to the return, so far as it related to the service upon the garnishee, is as follows: "For amended return I hereby certify that I served the within summons of garnishee in the city of St. Louis, Missouri, on the 4th day of December, 1906, by delivering a true copy thereof to H. H. Rauth, chief clerk of the Mobile &.Ohio Railroad Company, in the city of St. Louis, Missouri, neither the president, secretary, treasurer, cashier or any other chief or managing officer higher than chief clerk being present at the office of said railroad company, and the said H. H. Rauth being at the time of said service, the chief or managing officer of said corporation in charge of its office in the said city of St. Louis, Missouri."

The motion to quash is as follows:

"Comes now the Mobile & Ohio Railroad Company, garnishee in above cause, and appearing for this purpose only, moves the court to quash the amended return of the constable on the writ of garnishment herein and the return of the constable on the writ of attachment herein, and to quash said attachment and garnishment writs for the following reasons:

"First: Said writs show upon their faces that the service is insufficient in law to confer jurisdiction over said garnishee.

"Second: The said return fails to show that the said garnishee was summoned by the said constable declaring to it that he summoned it to appear at the return term of the writ to answer the interrogatories which

may be exhibited by the plaintiff, and fails to show that said writ of garnishment was read to said garnishee.

"Third: The said return fails to show that the said constable declared to the garnishee that he attached in its hands all debts due from it to the defendant or so much of such debts as shall be sufficient to satisfy the debt and interest or damages and costs, or that he summoned said debtor as garnishee in accordance with subdivision 5, of section 388, of the Statutes of 1899, Missouri.

"Fourth: The return of the officer upon the attachment writ simply shows that said writ was executed in the city of St. Louis by attaching as the property of said defendant 'the within named defendants.'

"Fifth: Neither the returns of the officer upon the garnishment or the attachment writs are sufficient to confer jurisdiction over the *res* and to authorize the court to pronounce judgment against the garnishee.

"Sixth: Said return on the garnishment writ fails to show that the notice of garnishment was served by delivering such notice, or a copy thereof, to the president, secretary, treasurer, cashier, or other chief or managing officer of said Mobile & Ohio Railroad Company.

"Seventh: Said return shows upon its face that the writ was executed by delivering a copy thereof to the chief clerk of the Mobile & Ohio Railroad Company, and was not executed upon any chief or managing officer of said company.

"Eighth: Said return fails to show that said notice of garnishment was served by delivering the same, or a copy thereof, to the nearest station or freight agent of the said Mobile & Ohio Railroad Company in the city of St. Louis, State of Missouri, where the cause of action was pending."

The court overruled this motion, the garnishee duly excepting. Thereafter the cause came on for trial upon the garnishee's answer, a jury having been waived. The answer is as follows:

"Now comes the Mobile & Ohio Railroad Company, garnishee in the above cause, and for answer herein says that:

"1. At the time of the service of the garnishment herein it did not have in its possession or under its control, any property, money or effects of the defendant.

"2. At the time of the service of the garnishment herein it did owe the defendant herein the sum of forty dollars on account of advertising done and performed by the defendant for the said garnishee.

"But the said garnishee denies that any jurisdiction has been obtained over it or the *res* to authorize this court to pronounce judgment against said garnishee for the following reasons:

"1. Said return on the garnishment writ fails to show that the garnishment was served by delivering such notice or a copy thereof, to the president, secretary, treasurer, cashier, or other chief or managing officer of said Mobile & Ohio Railroad Company.

"2. Said return shows upon its face that the writ was executed by delivering a copy thereof to the chief clerk of the Mobile & Ohio Railroad Company, but was not executed upon any chief or managing officer of said company.

"3. Said return fails to show that the said notice of garnishment was served by delivering the same, or a copy thereof to the nearest station or freight agent of the said Mobile & Ohio Railroad Company in the city of St. Louis, State of Missouri, where the cause of action was pending.

"The said garnishee denies the return of the officer herein on the writ of garnishment, and says that the facts set forth in said return are untrue; denies that on the 4th day of December, 1906, at the time the writ of garnishment was served upon H. H. Rauth, that the said H. H. Rauth was at said time the chief or managing officer of the said Mobile and Ohio Railroad Company in charge of its office in the city of St. Louis, Missouri,

and denies that the said H. H. Rauth was the chief clerk of the said Mobile & Ohio Railroad Company in the office of the said company in the city of St. Louis, but says that the said Rauth was simply a clerk in the office of the general passenger agent of the said Mobile & Ohio Railroad Company in the city of St. Louis."

The answer was duly verified.

It was stipulated that the Rauth mentioned in the return of the officer on the attachment writ and garnishment notice was at the time of the service of said writ, a clerk in the office of the general passenger agent of the garnishee railroad company.

There was no evidence other than the summons, etc., the returns, and the above stipulation. The court found in favor of plaintiff and entered up judgment against the garnishee for $40, the amount admitted as due in the answer, to which action and ruling of the court the garnishee duly excepted. A motion for new trial was filed in due time and was overruled, and the garnishee, excepting, thereafter duly prayed for and perfected an appeal to this court.

REYNOLDS, P. J. (after stating the facts).— On the authority of the case of Wisecarver v. Mercantile Town Mut. Ins. Co., reported 137 Mo. App. 247, 117 S. W. 698, and of Thomason v. Ins. Co., 114 Mo. App. 109, the opinion of the majority of the court being afterwards affirmed by the Supreme Court in the same case, reported 216 Mo. 485, the judgment of the circuit court in the case at bar must be affirmed. All of the matters complained of in the motion to quash the return appeared on the face of the return and hence, as in the above cases determined, must be and could only be reached by a motion to quash. It is further decided in thoses cases that when such motion has been filed and is overruled, that the garnishee, although excepting, loses the benefit of it if he answers over or appears to the merits, and that such is the result even when he sets

up these same grounds in the answer by way of plea in abatement, also answering to the merits. This is held to be the law under our Code, for defects appearing on the face of the papers must be taken advantage of by motion or demurrer, and cannot be by answer which includes a plea in abatement. The motion to quash here before us, in every one of the paragraphs or reasons assigned, refers to the alleged defective recitals, as being facts shown "upon the face of the return" to the summons of attachment.

In so far as it is attempted in and by the answer to attack and put in issue the truth of the recitals in the constable's return, it is sufficient to say, that for the purposes of this case, that return is conclusive. If the return is false in fact, the remedy is by suit on the officer's bond. [Smoot v. Judd, 184 Mo. 508; Taussig v. Railroad, 186 Mo. 269; Cornwall v. Bottling Co., 128 Mo. App. 163.]

The judgment of the circuit court is affirmed. All concur.