Potter v. Whitten.

---

JOHN A. POTTER, Appellant, v. E. G. WHITTEN, Defendant; THE CONQUEROR TRUST COMPANY, Garnishee, Respondent.

Springfield Court of Appeals, December 4, 1911.    Motion for Rehearing Overruled January 8, 1912.

1. JUDGMENT: Collateral Attack: Garnishment: Execution: Variance. Appellant had sued one Whitten on a promissory note, alleging in his petition that defendant had deposited with a trust company several thousand shares of stock in a corporation, as collateral security on said note. A judgment was rendered in favor of plaintiff on the note and the same was declared a first lien on the stock and the lien was ordered foreclosed and the stock ordered sold and the proceeds applied on the judgment and it was further ordered that an execution issue for any balance of the judgment remaining unpaid after the sale of the stock. Before the stock was sold a general execution was issued and respondent was served as garnishee and appeared and filed a motion to quash the execution, the main grounds assigned therefor being that the action was in equity for the foreclosure of an equitable chattel mortgage, and that no personal judgment could be had, and further that the general execution had been prematurely issued. Held, that respondent could not collaterally attack the judgment and as it appeared that the stock had been sold under the general execution and brought only a small amount, not sufficient to satisfy the execution, the variance between the execution and the judgment, if

any, was immaterial and respondent was not injured in any way and its motion to quash the execution should have been overruled.

2. **JUDGMENT: Jurisdiction: Collateral Attack.** A judgment of a court having jurisdiction of the parties and of the subject-matter cannot be collaterally attacked. But if it appears from the whole record that the court had no jurisdiction, either over the person or the subject-matter, the judgment is void and will be so. treated in a collateral proceeding.

3. **CIRCUIT CLERKS: Jurisdiction.** Under the Missouri code the circuit court is one of general jurisdiction, proceeding according to the course of the common law, and nothing should be intended to be out of its jurisdiction, except it especially appear to be so.

4. **JURISDICTION: Judgment.** Where the issues were made and the court had jurisdiction of the parties and the subject-matter, and neither party appeals, the judgment is conclusive as between them and their privies, and whether it was the proper kind of a suit in which to try the issue need not be determined.

5. ————: ————: **Pleading.** Where the court has jurisdiction of the parties and the subject-matter the action is binding and conclusive on the parties and cannot be impeached for any defect, either in the pleading or proof, even though the petition does not state the cause of action.

6. **GARNISHMENT: Jurisdiction: Payment Without Valid Judgment: Due Process of Law.** Where a garnishee voluntarily submits to judgment for any amount in his hands belonging to the defendant in an action where the court has no jurisdiction, the garnishee would neither be protected in the subsequent payment of the judgment, nor discharged from the indebtedness as against defendant. For to hold otherwise would be to deprive defendant of his property without due process of law.

7. **ACTIONS: Law and Equity.** Under the Missouri code of procedure there is but one form of action for the enforcement or protection of private rights, which is called a civil action, and the law has clothed the judge with the attributes of a law judge, as well as those of chancellor.

8. **PLEDGE: Foreclosure: Personal Judgment.** In a suit to foreclose a pledge by the pledgee, against the pledgor, his original debtor, after establishing his case the pledgee is entitled to an order for the sale of the property pledged, and to a personal judgment for the deficiency.

9. **GARNISHMENT: Execution: Notice: Summons: Voluntary Appearance.** Under the execution and garnishment law the notice to a garnishee gives the court jurisdiction over the

property or debt—the *res;* the summons gives jurisdiction over the person of the garnishee, and where the garnishee appears and files answers to interrogatories, he thereby waives any defect in the service of the garnishment.

10. **JUDGMENT: Garnishment: Collateral Attack.** A garnishee occupies the status of a stranger to a judgment against his creditor and hence can only urge against it the objections available on collateral attack.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

REVERSED AND REMANDED.

*H. S. Miller* for appellant.

(1) We have but one form of action in this state for actions at law and in equity. Gawtry v. Adams, 10 Mo. App. 32. (2) It is not required in a judgment at law that the court shall in terms direct the issuance of an execution, and the same rule has been applied to a decree in chancery. 17 Cyc. 928; Fontaine v. Hudson, 93 Mo. 62; Ramsey v. Roy, 144 Mo. 191; Smith ex rel. v. Rogers, 191 Mo. 344; Pelz v. Bollinger, 180 Mo. 252; State ex rel. v. Renick, 157 Mo. 292. (3) A judgment is not vitiated by the addition to it of merely superfluous provisions or directions, or of matters which follow as the legal consequences of the judgment whether or not they are incorporated in it. 23 Cyc. 795. (4) If the judgment be *in personam,* and also authorize the sale of certain property for its satisfaction, the plaintiff is not compelled to avail himself of this property, but may take out an ordinary execution, and levy upon other property belonging to the defendant. Freeman on Executions (1876), p. 19; Bennett v. Morehouse, 42 N. Y. 191; Bank v. Grant, 103 N. W. 69; 23 Cyc. 800; R. S. 1902, secs. 2172, 2173. (5) Garnishee appeared generally and filed answer, also several demurrers to denials. In short the garnishee seems to have exhausted

all efforts in this case before finally filing the motion to quash. A motion to quash an execution for an irregularity must be prosecuted with diligence; any considerable delay on the part of the movant will be treated as a waiver of the irregularity and an irrevocable renunciation of his right to quash the writ. 17 Cyc. 160; Berry v. Perry, 81 Ala. 103; Milner v. Akin, 58. Ga. 555; Little v. Atchison, 76 S. W. 283; Sultman v. Symme, 56 N. Y. App. 165; Hapgood v. Goddard, 26 Vt. 401; Fink v. Renick, 33 Mo. App. 624; Bennett v. Moorehouse, 42 N. Y. 192.

*Fred W. Kelsey* for respondent.

(1) The judgment in question was obtained in an action in equity to foreclose a pledge or an equitable mortgage and no personal judgment could be rendered against the defendant in this proceeding. There is no statutory authority for such foreclosure proceedings and in the absence of a statute, no deficiency judgment can be rendered. Smith v. Moore, 53 Mo. App. 525; State ex rel. v. Evans, 176 Mo. 310; Fithian v. Monks, 43 Mo. 522; Riley's Admr. v. McCord's Admr., 24 Mo. 265; Mason v. Barnard, 36 Mo. 384; Crocker v. Currier, 65 Wis. 662, 27 N. W. 825; Hoskins v. Adkins, 77 Mo. 540. (2) The right to a deficiency judgment in a mortgage foreclosure is purely statutory. Wisconsin Loan & Bldg. Assoc. v. Pride, 116 N. W. 637. This is an action in equity. Conde v. Rogers, 77 N. Y. S. 518; Wilson v. Johnson, 43 N. W. 148. (3) An execution can issue against the other property of the debtor on a special judgment only after the property on which the special charge is made is sold and the deficiency ascertained. This is particularly true, where, as in this case, the plaintiff has elected to pursue the pledged property from the beginning of his proceedings. R. S. 1909, sec. 2837; 9 Ency. Pl. and Pr. 490; Ransom v. Sutherland, 46 Mich. 489, 9 N. W. 530; Gies v. Green, 42 Mich.

107, 3 N. W. 283; Ayers v. Rivers, 64 Iowa 543, 21 N. W. 23; Clapp v. Maxwell, 13 Neb. 542, 14 N. W. 653. (5) An execution must conform to the judgment. That is to say on a special judgment the plaintiff is entitled only to a special execution until he has exhausted the same. R. S. 1909, sec. 2172; Rankin v. Real Estate Co., 199 Mo. 345. (6) The motion to quash was timely made. Berry v. Perry, 81 Ala. 103, 1 So. 118; Boyle v. Zacharie, 6 Pet. (U. S.) 648, 8 U. S. (L. Ed.); 532; Bristow v. Payton, 15 Am. Dec. 134. (7) The garnishee was bound to inquire into the legality of the proceedings, in order to protect itself in the payment of the judgment, though it stood indifferent between the parties. Hedrix v. Hedrix, 103 Mo. App. 40; McCloon v. Beattie, 46 Mo. 391.

NIXON, P. J.—This is an appeal from an order of the circuit court of Jasper county quashing a general execution and writ of garnishment issued thereon in a case entitled John A. Potter, Plaintiff, v. E. G. Whitten, Defendant. The petition in that case (which was introduced in evidence in this proceeding) recited the making of a promissory note on November 17, 1909, by Whitten to Potter for the sum of $1,658.13, payable four months after date, bearing interest at eight per cent. per annum, and that as collateral security Whitten deposited at the time of making said note with the Joplin Trust Company, 5,008 shares of the capital stock of the Consolidated Mining Company, said stock being of the par value of $25 per share, with the understanding that said stock would be delivered by said Joplin Trust Company to Potter upon failure of Whitten to pay said note when due. After the allegation of non-payment of the note follows a prayer for judgment for the sum of $1,658.13 with interest and costs, "and that said certificate of the capital stock of said Consolidated Mining Company, comprising 5,008 shares of the capital stock thereof,

of the par value of $25 each, be sold to satisfy said judgment or part thereof and for such other and further orders and judgments as to the court may seem meet and just." The promissory note in question (also introduced in evidence in this proceeding) contains this provision: "Collateral security of 5,008 shares of stock in Consolidated Mining Company of Ind. Ter. with full authority to Potter to sell same at private or public sale without notice of non-payment of this note subject to 60 days' extension." This note was attached to the petition in the original action as an exhibit.

Defendant appeared in the original action and filed an answer denying generally the allegations of the petition.

Thereafter, at the April term, 1910, the following judgment was entered:

"John A. Potter, Plaintiff, v. E. G. Whitten, Defendant:

"Now at this day this cause comes on for trial; the plaintiff appears by H. S. Miller, his attorney, and it appearing to the court that the defendant has heretofore appeared and filed an answer herein, and now failing to further appear and plead, answer or demur to the plaintiff's petition the same is taken as confessed; and the plaintiff not requiring a jury, all and singular the matters in issue are submitted to the court for trial; after hearing all the evidence and being fully advised in the premises, the court finds the issues in favor of the plaintiff; that the defendant is justly indebted to the plaintiff in the sum of $1,724.45 and that plaintiff is entitled to recover that amount from the defendant as his debt and damages.

"The court further finds that for the purpose of securing the payment of the note sued on herein the defendant indorsed in blank and delivered and pledged to the plaintiff Certificate No. 25 issued to defendant for 2,000 shares of the par value of $25 each

of the capital stock of the Consolidated Mining Company, a corporation organized under the laws of the Indian Territory; said stock being dated October 19, 1908, and that by reason of the premises the plaintiff is entitled to and has a first lien upon said 2,000 shares of said capital stock securing the payment of said debt aforesaid.

"The court further finds that for the purpose of securing the payment of the note sued on herein, the defendant indorsed in blank and delivered and pledged to the plaintiff Certificate No. 30 issued to the defendant for 3,008 shares of the par value of $25 each of the capital stock of the Consolidated Mining Company, a corporation organized under the laws of the Indian Territory, said certificate being dated November 20, 1908, and that by reason of the premises the plaintiff is entitled to and has a first lien upon said 3,008 shares of said capital stock securing the payment of the debt aforesaid.

"It is therefore considered, ordered and adjudged by the court that the plaintiff have and recover of and from defendant the sum of $1,724.45, the debt and damages so found due by the court as aforesaid, which judgment shall bear interest at the rate of eight per cent. per annum and for costs.

"It is further ordered and adjudged by the court that said sum of $1,724.45 so found and adjudged to be due plaintiff upon said note, be and the same is hereby declared and adjudged and decreed a first lien upon said Certificate No. 25 as above described for 2,000 shares of the par value of $25 each, of the capital stock of said Consolidated Mining Company, and also declared, adjudged and decreed a first lien upon said Certificate No. 30 as above described for 3,008 shares of the par value of $25 each, of the capital stock of said Consolidated Mining Company.

"It is further ordered, adjudged and decreed by the court that the lien of plaintiff upon said shares of

stock as aforesaid, be and the same is hereby ordered foreclosed, and that said stock be sold thereunder and that any sums remaining after payment of the indebtedness shall be paid to the defendant herein and in case the amount due plaintiff be not paid, that plaintiff have and recover of and from the defendant any balance of indebtedness aforesaid remaining unpaid after sale of said stock and that execution issue accordingly.''

On this judgment, on June 4, 1910, the clerk issued a general execution. The sheriff's return shows that it was executed on June 11, 1910, by levying upon the stock which had been pledged. The sale was set for June 22, 1910. On June 15, 1910, plaintiff caused The Conqueror Trust Company to be served as garnishee by the sheriff, at the same time giving notice to said company that he claimed that the money on deposit in the name of Vera E. Whitten, wife of defendant, was defendant's property. In due course, interrogatories were filed by the plaintiff and a motion was made by the garnishee to quash the execution claiming that said execution and writ of garnishment issued thereunder were void for the following assigned reasons:

''1st. The judgment upon which said general execution was issued was founded upon a cause of action in equity for the foreclosure of an equitable chattel mortgage and for that reason no personal judgment could be entered against said defendant whereupon general execution would issue.

''2d. Said execution was issued by the clerk without the direction of any proper or lawful authority.

''3d. The writ of garnishment issued herein and served upon the garnishee on the 15th day of June, 1910, was prematurely issued for the reason that the judgment upon which said execution was issued, which said judgment was rendered on the 19th day of May, 1910, and recorded in Book 10, at page 600,

shows that the plaintiff was not entitled to an execution and writ of garnishment in said cause at the time the execution and writ of garnishment were issued and served upon the garnishee herein and for the reason that said judgment is an alternative deficiency judgment providing that execution could be issued for a deficiency found to exist after the sale of certain shares of stock in said judgment mentioned and the application of the proceeds thereof upon said judgment; that at the time of the issue of said execution and writ of garnishment and the service of the same upon this garnishee said stock in said judgment mentioned had not been sold and at that time it had not been ascertained whether or not there would be any deficiency or any portion of said judgment remaining unpaid.

"Wherefore, garnishee moves the court to quash said execution and writ of garnishment and that the same be recalled, and for naught held, and that the garnishee herein be discharged."

On January 15, 1911, this motion was sustained and it was ordered that the execution and garnishment be quashed. In due course the plaintiff perfected his appeal to this court.

The law is well established by a multitude of authorities that a judgment of a court having jurisdiction of the parties and of the subject-matter cannot be attacked collaterally. [Martin v. McLean, 49 Mo. 361; Hardin v. Lee, 51 Mo. 24; Perryman v. State to use, 8 Mo. 208; Castleman v. Relfe, 50 Mo. 583; Lewis v. Morrow, 89 Mo. 174, 1 S. W. 93; Rosenheim v. Hartsock, 90 Mo. 357, 2 S. W. 473; Knoll v. Woelken, 13 Mo. App. 275.]

The rule in this state is also recognized to be that the question of jurisdiction of a court must be tried by the whole record. Where it appears from the whole record that the court had no jurisdiction, either over the person or the subject-matter, the judg-

ment is void and will be so treated in a collateral proceeding. [Adams v. Cowles, 95 Mo. 1. c. 507, 8 S. W. 711; Hedrix v. Hedrix, 103 Mo. App. 40, 77 S. W. 495.] Under the Missouri Code, the circuit court is one of general jurisdiction proceeding according to the course of the common law, and nothing should be intended to be out of its jurisdiction except it specially appear to be so. [Adams v. Cowles, supra.] If the subject of the adjudication is of the kind of which the court had no jurisdiction, its judgment is a nullity, and may be treated as such, even in a collateral attack; but if it is a subject of the kind or class of which the court has jurisdiction, and it appears on the face of the record that the proper facts were before it, and that it proceeded within its lawful bounds, the judgment cannot be impeached, except in a direct attack. [Cox v. Boyce, 152 Mo. 576, 54 S. W. 467; Cox v. Hunter, 152 Mo. 584, 54 S. W. 1102.] Where the issues were made and the court had jurisdiction of the parties and the subject-matter, and neither party appealed, the judgment is conclusive ·as between the parties and their privies, and whether it was the proper kind of a suit in which to try the issues need not be determined. [Murphy v. DeFrance, 101 Mo. 151, 13 S. W. 756.] Nor can a judgment be collaterally attacked because the petition does not state a cause of action, since, if it states a case belonging to a general class over which the authority of the court extends, jurisdiction is conferred. [Winningham v. Trueblood, 149 Mo. 572, 51 S. W. 399.] A judgment of a court having jurisdiction of the subject-matter and of the parties to the action is binding and conclusive on the parties, and cannot be impeached for any defect in pleadings or proof; and in a suit on it the sufficiency of the petition on which it was rendered or the merits of the judgment cannot be inquired into. [Holt County v. Cannon, 114 Mo. 514, 21 S. W. 851.]

Now in this case, the motion to quash the general execution and set aside the writ of garnishment, filed by the garnishee at a subsequent term of the court, was a collateral attack on the judgment rendered in the original action. It is true, the garnishee has a right and sometimes it becomes his positive duty to inquire into the legality of the proceedings on which a judgment is rendered. If the court rendering the original judgment attempted to exercise jurisdiction without any legal foundation, the whole proceeding would be void, and no property or credits of the defendant in that proceeding could be divested through the garnishee, and if the garnishee in such case should voluntarily submit to judgment for any amount in his hands belonging to the defendant in the action, without interposing the defense of absence of jurisdiction, he would neither be protected in the subsequent payment of said judgment nor discharged from the indebtedness as against defendant, who could be deprived of his property only by due process of law. [Hedrix v. Hedrix, supra, l. c. 43.]

In the case at bar, in the original action the defendant was personally served with process and personally appeared and filed an answer, thus conferring on the court jurisdiction over his person. There is no contention that the circuit court of Jasper county did not have jurisdiction over the class of actions to which this action belongs, and we hold that said circuit court did have jurisdiction of the subject-matter of action, whether the action be considered as an action at law on the promissory note as contended by appellant, or as a suit in equity for the foreclosure of the lien of a pledge as contended by respondent.

Under our code of procedure we have but one form of action for the enforcement or protection of private rights which is called a civil action. We submit all causes to the judgment of one court; and, in order to enable it to fulfill its functions, the law has

clothed the judge thereof not only with the attributes
of a law judge, but also with those of a chancellor.
[State ex rel. v. Evans, 176 Mo. l. c. 317, 75 S. W. 914.]
Both legal and equitable causes of action may be
joined in the same petition if connected with the same
transaction. [Blair v. Railroad, 89 Mo. 383, 1 S. W.
350; Woodsworth v. Tanner, 94 Mo. 124, 7 S. W. 104.]
The fact that a statutory remedy has been provided
does not exclude the original equitable remedy; so
that under the decisions of this state ample play is
given to the powers of a court of equity, and when it
has one acquired jurisdiction for one purpose the gen-
eral principle is enforced that it will retain jurisdic-
tion for all purposes and do complete justice and not
put the parties to the trouble of an action at law.
[McCollum v. Boughton, 132 Mo. 601, 30 S. W. 1028,
33 S. W. 476, 34 S. W. 480; Powell v. Powell, 217 Mo.
571, 117 S. W. 1113.] In a suit to foreclose a pledge,
by the pledgee against the pledgor, his original debtor,
after establishing his case the pledgee is entitled to
an order for the sale of the property pledged and to
a personal judgment for the deficiency. [31 Cyc. 885;
Commercial Nat'l Bank v. Grant (Neb.), 103 N. W.
69.] The wisdom of the law should no longer require
a litigant to be driven from one court to another, nor
be compelled to have two causes of action and two
trials instead of one when the whole matter can be
disposed of in one action. Whether the original judg-
ment of plaintiff in this case was in an action at law
or an action in equity need not be determined as the
garnishee's attack on the judgment is a collateral one.

This record makes it appear that a general exe-
cution was issued on the judgment and levied on the
pledged stock. Four days afterward, plaintiff caused
a writ of garnishment to be served on appellant un-
der said general execution, together with the notice
hereinbefore referred to. On October 7, 1910, plain-

tiff filed interrogatories and the garnishee filed an answer. On November 19, 1910, plaintiff filed his denial. On February 6, 1911, the garnishee filed a demurrer to plaintiff's denial, which, the record recites, came on for hearing on February 9, 1911, and, by consent, was taken up, seen, heard and fully understood, and overruled. On February 10, 1911, the garnishee filed an amended answer to the interrogatories; on February 13, 1911, plaintiff filed his denial thereof, and on the same day the garnishee filed a demurrer to said denial which was likewise overruled. It was not until February 15, 1911, that the garnishee filed its motion to quash the general execution.

The statute (Sec. 2414, R. S. 1909) provides that when a *fieri facias* shall be issued and placed in the hands of an officer of collection, it shall be the duty of the officer, when directed by the plaintiff, his agent or attorney, to summon garnishees, and with like effect as in case of an original attachment.

Under this section a summons may issue directly against the garnishee on execution without suing out process as in the case of an original suit (Tinsley v. Savage, 50 Mo. 141), and service of summons may be waived by appearance (Marx v. Hart, 166 Mo. 503, 66 S. W. 260). The notice gives the court jurisdiction over the property or debt,—the *res;* the summons gives jurisdiction over the person of the garnishee. [Connor v. Pope, 18 Mo. App. 86.] There was both in the case at bar. It is further held that by filing answer to interrogatories the garnishee appears generally to the proceeding and thereby waives any defect in service of the process of garnishment. [Dodge v. Knapp, 112 Mo. App. 513, 87 S. W. 47.] It was also held in the case last cited that this is especially so where the garnishee states in his answer "that having been summoned as garnishee in the above entitled cause makes answer to the interrogatories as follows," the court on appeal saying, "By this declaration in

her answer, appellant admitted that she had been summoned as garnishee in a lawful manner *and for a lawful purpose,"* citing Keith v. Territory, 57 Pac. 834. The garnishee in the case at bar did file an answer to plaintiff's interrogatories and later an amended answer thereto, before filing the motion to quash the execution. In Fletcher v. Wear, 81 Mo. 524, 530, the court said: "So far as the personal summons on the garnishee is concerned, I see no reason why he should not be at liberty to waive service thereof as in any ordinary process. Neither do I perceive why his appearance should not estop him as in any ordinary suit from denying service of the summons." It was early held that objections to a judgment rendered against defendant, which do not go to the jurisdiction of the court, and concern defendant alone, cannot be successfully raised by a garnishee for defendant's indebtedness. [The St. Louis Perpetual Ins. Co. v. Cohen, 9 Mo. 121.]

In the case of Reid, Murdock & Co. v. Mercurio et al., 91 Mo. App. 673, the controversy, as here, was between the execution creditor and the garnishee. Plaintiff obtained judgment and the garnishee appealed. The court said (l. c. 6578) : "Appellant can not be heard to say that the judgment of justice of the peace in the original action is void on the ground that the account filed by the plaintiff was insufficient. Jurisdiction was obtained over one of the Mercurios, as the return of the constable shows; and if the defendant who was served did not contest the sufficiency of the account or statement, certainly the judgment can not be attacked on account of its indefiniteness, in this collateral proceeding by a third party."

So, also, in Nevatt v. Springfield Normal School, 79 Mo. App. 198, 201, the controversy was between the execution creditor and the garnishee, the latter claiming that the garnishment proceedings should

have been dismissed on his suggestion that the judgment against the original defendant was rendered without service of process. However, the judgment did correctly state the service of process. The court said: "Hence the whole question for decision is whether or not the recitals of the judgment show the court had no jurisdiction of the person of the defendant. For unless that appears from the face of the judgment its validity cannot be questioned when sought to be enforced by garnishment, without subjecting it to collateral attack, and this the law does not permit. [Authorities cited.] If the judgment under which the garnishee is summoned is void, he is entitled to a discharge. If it is merely voidable, he is not for that reason entitled to a discharge. [Authorities cited.] This is so because he occupies the status of a stranger to the judgment against his creditor, and hence can only urge against it the objections available on collateral attack."

The judgment in the case under consideration does provide for a general execution. A general execution was regularly issued (perhaps untimely under the strict terms of the judgment) by the proper authority upon request of plaintiff's attorney. Under this general execution the garnishee was summoned. Before the return day of the writ of garnishment, the pledged stock (which had been seized under the general execution) was sold and brought only $136. We cannot see how the garnishee was injured in any way. The same purpose was accomplished by issuing the general execution in the first instance and seizing and selling the pledged stock thereunder as would have been accomplished had a special execution been issued and later a general execution to make up the deficiency. If there was a variance between the judgment and the execution it was an immaterial one—certainly so far as third parties are concerned.

From what has been said it is obvious that the trial court erred in sustaining the motion of the garnishee to quash the general execution. The judgment is accordingly reversed and the cause remanded. All concur.