## FEDERAL TRUCK COMPANY OF ST. LOUIS, Respondent, v. LOUIS MAYER, Garnishee of BEN COHEN, Appellant.*

St. Louis Court of Appeals. Opinion Filed February 3, 1925.

1. **GARNISHMENTS: Res or Subject-matter: Jurisdiction: Waiver: Cannot be Waived or Conferred by Consent.** In a garnishment proceeding, jurisdiction of the *res* or subject-matter can neither be waived nor conferred by consent.

2. ———: ———: ———: ———: **Jurisdiction of Garnishee's Person: Does not Give Court Jurisdiction of Res.** While a garnishee by appearing cannot complain of a judgment insofar as it affects him personally, but the statute must be strictly complied with before the court acquires jurisdiction of both the *res* and the person; and mere jurisdiction of the person does not necessarily give it jurisdiction of the res.

3. ———: ———: ———: ———: **Evidence: Failure to Show Return of Officer Upon Garnishment Summons: Necessitates Reversal.** Failure of the evidence to show return of the officer upon the summons of garnishment *held* to necessitate a reversal of the judgment against a garnishee voluntarily appearing and answering as the court had no jurisdiction over the *res* and therefore was in no position to render any binding or effective judgment insofar as the property or credits of the garnisheed defendant were concerned.

ON MOTION FOR REHEARING.

4. ———: **Pleading: Denial of Garnishee's Answer First Pleading: Must State Grounds Upon Which Recovery is Sought.** Plaintiff's denial of the garnishee's answer is the first pleading, and should state the grounds upon which a recovery is sought.

Federal Truck Co. v. Mayer.

5. JUSTICES OF THE PEACE: Garnishments: Amendments: General Denial of Garnishee's Answer: Cannot be Amended in Circuit Court. Permitting an amendment in the circuit court to plaintiff's general denial filed in the justice court against garnishee's answer, *held* error, as the general denial filed in the justice court amounted to no pleading at all, and therefore there was nothing to amend in the circuit court.

———

*Headnote 1. Garnishment, 28 C. J., section 234; 2. Garnishment, 28 C. J., sections 241, 252; 3. Garnishment, 28 C. J., section 319; 4. Garnishment, 28 C. J., section 459; 5. Justices of Peace, 35 C. J., section 544.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Charles B. Davis,* Judge.

REVERSED.

*Marvin E. Boisseau* for appellant.

(1) The court was without jurisdiction of the subject-matter of the garnishment. (a) The constable's return must conform to the statute. Norvell v. Porter, 62 Mo. 309; Fletcher v. Wear, 81 Mo. 524; Howell v. Sherwood, 213 Mo. 565; Howell v. Sherwood, 242 Mo. 531; Grocer Co. v. Carlson, 67 Mo. App. 179; Decker v. Railway Co., 92 Mo. App. 50; Kansas & Texas Coal Co. v. Adams, 99 Mo. App. 474; Hafner v. Rice, 129 Mo. App. 667. (b) The garnishee cannot, by appearing, confer jurisdiction on the court. Epstein v. Saborgne, 6 Mo. App. 352; Gates v. Tuesten, 89 Mo. 1. (2) The court erred in overruling appellant's motion to strike out respondent's amended denial and to discharge garnishee. Revised Statutes 1919, secs. 2836, 1864; McCanse v. McClure, 38 Mo. 410; Union Bank v. Dillon, 75 Mo. 380; St. Louis Coffin Co. v. Rubelman, 15 Mo. App. 280; Sullivan v. Construction Co., 86 Mo. App. 151; Holker v. Hennessy, 141 Mo. 535; Hox v. Acme Plaster Co., 82 Mo. App. 447; Taylor v. Dollins, 222 S. W. 1040; Bambrick v. Bambrick Bros. Const. Co., 152 Mo. App. 69; Rees v. Peck-

King Mortgage Co., 206 Mo. App. 690; Bandy v. American Railway Express Co., 253 S. W. 102. (3) Garnishment does not lie in this case and the court erred in so holding. (a) The relation of debtor and creditor must exist before garnishment can obtain. 20 Cyc. 983; Lackland v. Garesche, 56 Mo. 267; Bank of Odessa v. Barnett, 98 Mo. App. 477; Stewart Land Co. v. Roming, 218 S. W. 892; Chapman v. Yancey, 173 Mo. App. 132. (b) Garnishment will not reach equitable interests. Miller v. Richardson, 1 Mo. 310; Stevenson v. McFarland, 162 Mo. 159, 168. (c) The relation of debtor and creditor did not exist and garnishment could not reach the fund. Van Winkle v. McKee, 7 Mo. 435; Whitaker v. Whitaker, 157 Mo. 342; Charles v. White, 214 Mo. 187, 202; Price v. Morrison, 291 Mo. 249; Northrup National Bank v. Franklin, 232 S. W. 192; M. L. Barrett & Co. v. Chilton, 241 S. W. 434.

*N. Murry Edwards* for respondent.

(1) The court had jurisdiction over garnishee, appellant, who, after being served, entered his appearance, filed a verified answer, tried the case in the justice court, appealed it to the circuit court, where he appeared generally, and tried it twice upon the merits. Western Stoneware Company v. Spring Co., 172 Mo. App. 696, 705, 155 S. W. 1083; Tinsley v. Sadge, 50 Mo. 141; Potter v. Whitten, 161 Mo. App. 118; Marx v. Hart, 166 Mo. 503. (a) Appellant, by appearing, conferred jurisdiction over his person as garnishee in this case. Marx v. Hart, 166 Mo. 503; Dodge v. Knapp, 112 Mo. App. 513; Stoneware v. Spring Company, 172 Mo. App. 196. (b) The return of the service of the writ of garnishment and execution were not offered in evidence, and, therefore, cannot be considered in this appeal. Dodge v. Knapp, 112 Mo. App. 513. (2) The court did not err in overruling appellant's motion to strike out respondent's amended denial and to discharge the garnishee, filed on March 8, 1923. (a) The court was bound to take ju-

dicial notice of the docket entries and the rulings upon appellant's former motions to strike out, all of which motions contained the same grounds that appellant urged in his motion to strike out, filed March 8, 1923. Pelz v. Ballinger, 180 Mo. 252; Dawson v. Dawson, 29 Mo. App. 521; Gildersleeve v. Overstelz, 97 Mo. App. 303; Barth v. Kansas City Elect. Ry. Co., 142 Mo. 535; State v. Ulrich, 110 Mo. 530. (b) An exception to a ruling striking out a pleading must be taken by a bill filed at the term when the ruling becomes final, otherwise such ruling cannot afterwards be reviewed. Barrett v. Stoddard Const. Co., 246 Mo. 501; Asphalt Paving Company v. Ullman, 137 Mo. 543; Duncan v. Smith, 226 S. W. 621; Conn Co. v. Orr et al., 150 Mo. App. 705; Campbell v. Boyers, 241 Mo. 421. (c) An exception to the overruling of a motion to strike out all or a part of a pleading is waived by pleading further, or by going to trial on the merits. Hubbard v. Slavens, 218 Mo. 598; Walters v. Hubbard, 117 S. W. 111; Sundmacher v. Lloyd, 135 Mo. App. 517; McMurry v. St. Louis M. & S. Ry. Co., 225 Mo. 272. (d) Appellant, by filing his reply to the garnishee's amended denial and joining issue, waived any right which he would have thereafter to file a motion to strike out the denial to which he was joining issue. (3) The sale of defendant Cohen's business was fraudulent under the Bulk Sales Law of this state. Section 2288, R. S. 1919. (a) Where a debtor fraudulently transfers his property to a third person, his judgment creditors may garnishee such third person, even though he has converted such property into money. Hungerford v. Greengard, 95 Mo. App. 653; Wells & Wiggins Grocery Co. v. Clark, 79 Mo. App. 401; Donk Bros. v. Kiely, 81 Mo. App. 646; Epstein v. Clothing Co., 67 Mo. App. 221; Strauss v. Ayers, 34 Mo. App. 248. (b) An assignment for the benefit of creditors not executed in accordance with the statutes is only binding upon the parties who accept it. St. Louis Sash etc. Works v. Tompkins, 173 S. W. 47; Turner v. Drees Hardware Furn. Co., 207 Mo. App. 567. The rule that the liability of a garnishee to a creditor is conditioned upon his liabil-

ity to the defendant himself is subject to the exception that where a garnishee has money, credits or effects of defendant, which came into his possession through a transfer fraudulent as to defendant's creditors, the same may be reached by garnishment. Brown Shoe Co. v. Sacks, 201 Mo. App. 360, 211 S. W. 133.

NIPPER, J.—This is a garnishment proceeding instituted by the Federal Truck Company against Louis Mayer in an effort to collect a judgment obtained by plaintiff against one Cohen. The proceeding was begun in a justice court. Plaintiff had prior thereto obtained a judgment against Cohen for $177.31. Subsequent to the date of the judgment a garnishment summons was directed to Mayer. The officer serving this summons, if it was served, made no return upon it. On the date named in the summons, Mayer, the garnishee, filed his answer to the interrogatories, stating that he had no money or effects belonging to Cohen, and did not owe him any money. On the same day the plaintiff filed an additional answer to the garnishee which merely stated that plaintiff "denies each and every allegation therein contained," and asked the court to summon the garnishee and try the issues.

A second summons was issued, and no return was made by the officer serving this summons, if it was served. The garnishee appeared and answered to the summons in the justice court, and the justice entered an order that the garnishee did have in his possession certain funds belonging to Cohen, and directed the garnishee to pay the amount of plaintiff's claim to the constable. Upon such garnishee's refusal, judgment was entered against him. The garnishee appealed to the circuit court, and judgment was again rendered against the garnishee, after which a motion for new trial was sustained. The court then permitted the plaintiff to file an amended denial to the garnishee's answer in which the garnishee set up the fact, after denying that he had any money belonging to Cohen or owed him any, that, after

Cohen had become indebted to plaintiff, he sold his stock of goods, merchandise, and fixtures, which had previously constituted a general grocery and meat business, for $550, and had entered into an agreement that this money was to be turned over to certain parties for the benefit of his creditors, and that, by virtue of such an agreement, the money was paid over to the garnishee; and, also, that the purchasers had failed to demand and receive from Cohen a written statement of the names and addresses of his creditors, as required by the Bulk Sales Law.

A trial was again had in the circuit court, which again resulted in a judgment against the garnishee, who is the appellant here.

The first and most serious question presented by this appeal is whether or not this judgment can be permitted to stand in view of the fact that the summons issued to the garnishee does not show any return thereon, or that it was served in any manner by the officer charged with the duty of making service. It is plaintiff's contention that the court had jurisdiction, because the garnishee entered his appearance generally both in the justice and the circuit court, filed answer, and went to trial upon the merits, and, therefore, cannot complain now. In support of this contention plaintiff cites the following authorities: Marx v. Hart, 166 Mo. 503, 66 S. W. 260; Dodge v. Knapp, 112 Mo. App. 513, 87 S. W. 47; Potter v. Whitten, 161 Mo. App. 118, 142 S. W. 453; and Western Stoneware Co. v. Springs Co., 172 Mo. App. 696, 155 S. W. 1083. In addition to these authorities, and much more in line with plaintiff's contention than some of the cases he cites, might be added the case of Engraving Co. v. Railroad, 146 Mo. App. 463, 124 S. W. 27.

The cases of Western Stoneware Co. v. Springs Co., and Marx v. Hart, supra, do not sustain plaintiff in his contention. These cases merely hold that, where the court has jurisdiction of the *res* in the first instance, it acquires jurisdiction over the person of the garnishee by his appearance, and the garnishee cannot complain that the court had no jurisdiction because of improper serv-

ice where such garnishee enters his appearance generally, and the court has otherwise obtained jurisdiction of the *res*.

The cases of Dodge v. Knapp, and Engraving Co. v. Railroad, supra, both by this court, seem to support plaintiff's contention, namely, that where the garnishee appears generally, he is in no position to complain after judgment against him, and that by such general appearance he confers jurisdiction upon the court for all purposes. But these holdings are not in accord with the general rule of law, or with the interpretation placed upon our statute by the Supreme Court and other courts of this State. There is some language used in Potter v. Whitten, supra, to the same effect, but such is merely *obiter*.

In the very early case of Epstein v. Salorgne, 6 Mo. App. 352, this court held that, the fact that a garnishee appeared, answered, engaged in the trial, and admitted that he had been duly summoned, was not sufficient to confer jurisdiction upon the court to render an effective judgment as to the property or credit in the hands of the garnishee. It was also held that such a question was not one of waiver; that all the requirements of the statute must be observed, because a garnishment proceeding is one *quasi in rem*, and the garnishee has no power to dispense with that part of the statute which relates not to himself but to the property or credit; and that the garnishee cannot by his voluntary acts do away with those things which the law prescribes as necessary in order that the property may be held against the owner. It was also held in that case that the rights of both the owner and the garnishee are involved, and that the garnishee cannot be required to put himself in the position of allowing a judgment to go against him which would be no protection to him if he paid it, and that such garnishee should be allowed to set up his defense at any stage of the proceedings. This case was cited approvingly and followed by our Supreme Court in the case of Gates v.

216 M. A.—29

Tusten, 89 Mo. 13, 14 S. W. 827. In that case it is said, l. c. 21 and 22:

"And it will not do to say that the garnishee, by appearing and answering the interrogatories propounded to it, and by payment of the debt into court, waived any objections to the jurisdiction, which otherwise it might have interposed. Whatever a garnishee may do respecting his own rights, he is powerless to do anything which will affect the rights of third persons, and if he is not legally served, nothing is attached in his hands."

This case has never been criticized by the Supreme Court since, and such court, as late as the case of Howell v. Sherwood, 213 Mo. 565, 112 S. W. 50, held that these requirements of the statute are jurisdictional and mandatory; and, where proper service is not made such a judgment is void and subject to collateral attack.

It is true that the garnishee, by appearing, cannot complain of the judgment in so far as it affects him personally, but the statute must be strictly complied with before the court acquires jurisdiction of both the *res* and the person. The mere fact that the court may have jurisdiction of the person does not necessarily give it jurisdiction of the *res*. Jurisdiction of the *res* or subject-matter can neither be waived or conferred by consent. [Railroad v. Schweitzer, 246 Mo. l. c. 127, 151 S. W. 128.]

In Hopkins v. Henson, 205 Mo. App. 384, l. c. 389, 224 S. W. 119, the Springfield Court of Appeals said:

"Until the justice had jurisdiction of the subject-matter, he had no authority to render a judgment, and the appearance of the garnishees did not cure the lack of jurisdiction over the *res*."

In Fletcher v. Wear, 81 Mo. 524, it was held that, where a garnishee appears and answers, such judgment may be binding on him, but it fails to bind any one else or any other one's property; and that the misfortune of a proceeding resulting in an order and judgment binding on the garnishee alone, which affords no protection against a second payment of the same credits, ought to be avoided by the courts.

The Supreme Court of Utah, in the very instructive case of Bristol v. Brent, 36 Utah, 108, made a similar ruling, and cited many Missouri cases among others in support thereof.

The court had no jurisdiction of the *res* in this case, and, therefore, was in no position to render any binding or effective judgment in so far as the property or credits of Cohen were concerned. And this will necessitate the reversal of this case, because the evidence does not disclose that the officer made any return upon the summons of garnishment. We think this holding is in accordance with the requirements of our statute, and with the overwhelming weight of authority in this State, and elsewhere. [12 R. C. L., p. 826; Norvell v. Porter, 62 Mo. 309; Grocer Co. v. Carlson, 67 Mo. App. 179; Masterson v. Missouri Pacific Ry. Co., 20 Mo. App. 653; Trinidad Asphalt Mfg. Co. v. Standard Oil Co. (Mo. App.), 258 S. W. 64.] Whatever may be said in the cases of Dodge v. Knapp, and Engraving Co. v. Railroad, supra, to the contrary, should be no longer followed. It follows, therefore, without going into other questions raised by the appellant, that the judgment in this case should be reversed. It is so ordered. *Daues, P. J.,* and *Becker, J.,* concur.

### ON MOTION FOR REHEARING.

NIPPER, J.—Learned counsel for respondent, in a motion for rehearing filed, insists that this case should not be reversed outright, but should be reversed and remanded so that the officer who served the summons may be permitted to make a return in accordance with the facts. This we would be inclined to do, but we find another fatal obstacle in the way of this procedure because of the fact that plaintiff's denial of the garnishee's answer in the justice court was merely a general denial and nothing more, as heretofore stated. Then, in the circuit court, plaintiff filed an amended denial to the garnishee's answer. This was done over defendant's objections, and

the matter is brought here by a term bill of exceptions. Plaintiff's denial of the garnishee's answer is the first pleading, and should state the grounds upon which a recovery is sought. The general denial as filed in the justice court amounted to no pleading at all, and therefore there was nothing to amend in the circuit court. It was error to permit such an amendment in the circuit court because there was nothing to amend, and therefore we could but reach the same result heretofore reached, namely, that the case should be reversed, and the garnishee discharged. [Rees v. Peck-King Mortgage Co., 206 Mo. App. 690, 230 S. W. 666.]

The motion for rehearing is accordingly overruled. *Daues, P. J.,* and *Becker, J.,* concur.